## THOMAS A. PEARCE ET AL.
### v.
## WILLIAM H. RHAWN ET AL.

1. NECESSARY TO PLEAD STATUTES OF OTHER STATES.—Courts of this State do not take judicial notice of the statutes of other States, but those statutes, when material, must be pleaded.

2. DEMURRER.—Where in an interpleader the only allusion to the laws of Pennsylvania, under which appellees claimed to be appointed trustees of a certain estate, was the mere conclusion of the pleader that the appointment of appellees as trustees was in accordance with the statutes of that State, but the statutes themselves were not set out, nor was anything shown from which it could be determined whether that conclusion was in accordance with the fact or otherwise. *Held*, that the demurrer to such interpleader should have been sustained.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed November 16, 1883.

Messrs. FLOWER, REMY & GREGORY, for appellants; that the interpleader is bad in not setting up the Pennsylvania statute under which appellees claim, cited Rorer on Inter-

State Law, 118; Walker v. Maxwell, 1 Mass. 104; Holmes v. Broughton, 10 Wend. 75; Carey v. C. & C. R'y Co. 5 Ia. 357-364; Palmer v. Marshall, 60 Ill. 289; Wheeler v. Raymond, 8 Cowen, 311.

As to whether the statutes of Pennsylvania can, in this State, have force as against a citizen of that State who has invoked the aid of our courts for the collection of his debt: Booth v. Clark, 17 How. 322; Willitts v. Waite, 25 N. Y. 577; Hoyt v. Thompson, 5 N. Y. 320-351; Osgood v. Maguire, 61 N. Y. 524-9; Burrill on Assignments, § 303; Quincy Bridge Co. v. Adams Co. 88 Ill. 615; City Ins. Co. v. Com. Bk. 68 Ill. 348; Gardner v. Com. Nat. Bk. 95 Ill. 298; Taylor v. Geary, Kirby (Conn.), 313; Wallace v. Patterson, 2 Har. & McHen. 463; Harrison v. Sterry, 5 Cranch, 289; Greene v. Van Buskirk, 7 Wall. 139; Mineral Point R. R. Co. v. Barron, 83 Ill. 365; Roche v. Rhode Island Ins. Asso. 2 Bradwell, 360.

Mr. MELVILLE W. FULLER, for appellees; that the creditor's domicile determines the law in a conflict in another State between the creditor's assignee and an attaching creditor, cited Wharton on Conflict of Laws, § 276; Caskie v. Webster, 2 Wall. 131; Smith v. Buchanan, 1 East, 6; Braynard v. Marshall, 8 Pick. 194; Meade v. Dayton, 28 Conn. 33; Clark v. Peat, 35 Conn. 302; Pond v. Cooke, 45 Conn. 132; Speed v. May, 17 Penn. St. 91; Guillander v. Howell, 35 N. Y. 657; Goodwin v. Holbrook, 4 Wend. 377; Keyser v. Rile, 47 Md. 203; Klein v. French, 57 Miss. 662.

An attaching creditor is precluded from contesting the validity of an assignment, good by the law of the State of the domicile of such creditor, which is at the same time the domicile of the debtor: Hall v. Boardman, 14 N. H. 38; Hoag v. Hunt, 21 N. H. 106; Smith v. Brown, 43 N. H. 44; Dunlap v. Brown, 43 N. H. 287; Kidder v. Tufts, 48 N. H. 125; Whipple v. Thayer, 16 Pick. 25; Richardson v. Forepaugh, 7 Gray, 546; May v. Wannemacher, 111 Mass. 202; Atwood v. Ins. Co., 14 Conn. 555; Plestero v. Abraham, 1 Paige, 236; Abraham v. Plestero, 3 Wend. 540; Moore v. Bownell, 2 Vroom

(N. J.), 90; Richardson v. Leavitt, 1 La. Ann. R. 430; Einer v. Deynoodt, 39 Mo. 69; Thurston v. Rosenfeld, 42 Mo. 474; Warren v. Van Buskirk, 35 N. Y. 658; Ward v. Morrison, 35 Vt. 593.

The general rule is that an equitable assignment will prevail when the creditor has notice before suit: Drake on Attachment, § 527; Hodson v. McConnel, 12 Ill. 170; Born v. Staaden, 24 Ill. 325.

As to debts, the accepted rule is that their *situs* is that of the creditor's domicile: Einers v. Best, 32 Mo. 240; Baldwin v. Hale, 1 Wallace, 223; Clay v. Smith, 3 Peters, 44; Receiver v. First Nat. Bk. 34 N. J. E. 454.

Bailey, J.   On the 17th day of January, 1883, Thomas A. Pearce and Martin Landenberger, Jr., sued out of the Superior Court of Cook county, an attachment against the property of John Landenberger, a resident of the State of Pennsylvania, and caused the firm of J. V. Farwell & Co., of Chicago, to be summoned as garnishees. Judgment was rendered against the defendant, John Landenberger, by default, for $27,500, and the answer of the garnishees disclosing an indebtedness from them to him of $4,259.91, judgment was rendered against them in favor of John Landenberger, for the use of the attaching plaintiffs, for that sum.

Afterward, and at the same term, William H. Rhawn, David B. Cummins and David Faust, claiming as trustees of the estate of John Landenberger, appeared, and on their motion the judgment against the garnishees was vacated and leave was given them to interplead, and they thereupon filed their interpleader alleging, in substance, that at the date of the commencement of the attachment proceedings, and for several years prior thereto, both the attaching creditors and said John Landenberger were, and still are, citizens and residents of the State of Pennsylvania; that on the 4th day of January, 1883, a certain writ of domestic attachment was sued out of the Court of Common Pleas for the county of Philadelphia, in the State of Pennsylvania, by the National Bank of the Republic, a corporation organized under the laws

of Congress and located in the city of Philadelphia, against said John Landenberger, and against the plaintiffs in this suit and others as garnishees, and that said writ was duly executed January 6, 1883; that thereupon such proceedings were had, that on the 29th day of January, 1883, said Rhawn, Cummins and Faust were, by the order and judgment of said court, " duly in accordance with the statute of Pennsylvania in that behalf," appointed trustees of the estate of said John Landenberger, for the benefit of his creditors; that on the 30th day of January, 1883, they duly qualified as such trustees, and thereupon became vested with all the estate of said John Landenberger at the time of issuing said writ of domestic attachment " according to the laws of the State of Pennsylvania," including all debts and things in action due and belonging to him, at the date of said attachment or afterward, with capacity to sue therefor in their own names; that thereby the money due from the garnishees herein became due to them as trustees and belonged to them and not to John Landenberger, and that as such trustees they were entitled to judgment against the garnishees therefor.

To said interpleader the attaching creditors filed a general demurrer, which being overruled, and said creditors electing to abide by their demurrer, judgment was rendered in favor of said trustees and against said garnishees for said sum of $4,259.91. Said attaching creditors have thereupon brought the record to this court by appeal, and now assign for error the judgment of the court overruling their demurrer.

The rule is well settled, that the courts of this State do not take judicial notice of the statutes of other States, but those statutes, when material, must be pleaded. 1 Chitty on Plead. 216. The right set up by the appellees, to the fund in the hands of the garnishees, is not based upon the common law which we may presume is in force in Pennsylvania, but depends entirely upon the provisions of the statutes of that State. The statutes relied on, however, are not stated or pleaded in any way so as to be brought within the range of our judicial inspection. The only reference in the interpleader to the laws or statutes of Pennsylvania are above quoted literally, and it

Pearce v. Rhawn.

is too plain for argument that they constitute in no sense a pleading of those statutes or laws. No statutory provision or rule of law is set out either literally or in substance. The first allusion to the laws of Pennsylvania is a mere conclusion of the pleader that the appointment of the appellees as trustees, was in accordance with the statutes of that State, but the statutes themselves are not set out, nor is anything shown from which it can be determined whether that conclusion is in accordance with the fact or otherwise. The second allusion to the Pennsylvania law is also a mere conclusion of the pleader that, according to the laws of that State, that is, by force and operation of those laws, the estate of John Landenberger became vested in said trustees. What those laws themselves are, is not shown, nor is anything averred from which we are able to determine whether they have or can have the force and operation thus attributed to them. It follows that the demurrer to the interpleader should have been sustained, and for the error in overruling it, the judgment will be reversed and the cause remanded.

As to what would be the effect upon the rights of the parties of such statute as is claimed, if properly pleaded and proved, and if the proceedings under it necessary to give the Pennsylvania court jurisdiction were properly shown, we express no opinion, as that question does not properly arise upon this record. We do not feel called upon to construe the Pennsylvania statute, or to determine how far it should be enforced here by the rules of inter-state comity or otherwise, until the statute itself is before us.

Judgment reversed.