JOHN F. MARTIN, Appellant, v. CASTLE et al.

Division Two, January 31, 1906.

1. COTENANCY: Curtesy: Right To Sell Under Execution. The rights of cotenants are reciprocal, and one cotenant can not deal with the property to the prejudice of the others. But the heirs and distributees of a deceased wife are not cotenants of her husband who claims as tenant by the curtesy. They are remaindermen and he a life tenant, and during his life he is entitled to the exclusive possession. They, therefore, have a perfect right to buy his life estate in the lands, when sold under judgment and execution against him, whether he was the maker of or the surety for his wife on the notes upon which that judgment was founded.

2. INSUFFICIENT PLEADING: Void Judgment: Collateral Attack: Lack of Jurisdiction and Service. A petition attacking a judgment as being invalid for lack of proper service and jurisdiction over the subject-matter should point out in what particulars the service was defective or wherein there was a lack of jurisdiction of the cause of action.

3. ———: ———: ———: ———: This Case: Demurrer. The petition alleged that a judgment rendered by a justice of the peace was invalid for two reasons: first, because "the records

and proceedings by which said pretended judgment was procured nowhere show that the defendant (plaintiff herein) was ever served with process as required by law;" and, second, because "said justice had no jurisdiction of the subject-matter of the action." *Held*, first, that the inference to be drawn from the first allegation is that the defendant was served with process, but not according to law as understood by the pleader; second, the petition should have pointed out in what particular the service was defective, or if there was no service at all it should have so charged; and, third, the same is true of the other allegation in reference to jurisdiction of the subject-matter: it does not allege why or wherein the justice lacked jurisdiction. Such a petition does not state a cause of action for setting aside a sale of the property under such judgment, and is subject to demurrer, nor does the demurrer admit that the judgment or sale thereunder was void.

4. ————: **Demurrer: Admission.** A demurrer admits only facts well pleaded.

5. ———— **Sale Under Execution: Inadequacy of Price.** An allegation that plaintiff had a life interest in land worth $8,000 which was incumbered by a mortgage for $1,900 and which was sold under execution for $106, states no sufficient reason for setting aside the sale.

6. ————: ————: **Fraud: Combination: Remaindermen.** Allegations that the remaindermen combined to procure a note executed by the life tenant as surety for his deceased wife, and, for the purpose of oppressing him and compelling him to pay such note, caused suit to be brought thereon, obtained judgment for a trivial amount and at the sale bought in the property for a sum greatly less than it was worth and then gave notice to the tenants to pay them the rent, do not charge such fraud as would justify a setting aside of the sale.

7. ————: **Deed of Trust: Foreclosure Sale.** A foreclosure sale under deed of trust passes the title; and an allegation that the land was sold for the purpose of enabling the purchasing remaindermen (who were not mortgagees) to defraud the plaintiff life tenant out of his life interest in lands covered by his and his wife's deed of trust, does not state any sufficient cause for setting that sale aside.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes*, Judge.

AFFIRMED.

*Dickson & Dickson, W. G. Hine, Chas. C. Crow* and
*L. J. Eastin* for appellant.

(1) The small notes upon which pretended judg-
ments were rendered were in fact the obligations of
Mary E. Martin.  Plaintiff was but a surety.  The estate
of the deceased principal was solvent.  The original
holders who knew the facts would have presented them
for payment.  Defendants secured them, however, for
the fraudulent purpose of using them to oppress the
plaintiff, and take from him an interest which he owned
in certain land, as well as to force him to pay a debt
which should have been paid by their mother's estate.
(2)  The judgments rendered upon them were void.
The allegations of the petition must be taken as true,
and the petition says they were void.  If the judgments
were void they should be set aside.  With them should
go the executions, levies and the sheriff's deed.  (3) In-
adequacy of price, when so gross as to shock the moral
sense and outrage the conscience, is a ground of itself
for equitable interference.  Davis v. McCann, 143 Mo.
172; Durfee v. Moran, 57 Mo. 374; Railroad v. Brown,
43 Mo. 295.  The annual rental value of the 240 acres
is alleged to be $500—a little more than two dollars per
acre.  The life estate in this tract alone sold for about
forty-four cents per acre—less than one-fourth the an-
nual rental of the land.  The whole interest is alleged to
be worth $8,000.  The $106 realized is out of all reason-
able proportion to the alleged value, and the court
should have heard the evidence.  (4)  It is charged that
the defendants sought to oppress plaintiff by taking
away his power to pay interest on the debt secured by
the deed of trust on the land, and that they succeeded in
doing so, and that upon a default in the payment of in-
terest, the deed of trust was foreclosed, defendants pur-
chased and paid no money, but gave a new deed of trust
to secure the same obligation plus interest and expenses.

In equity it is the same debt and the plaintiff has offered to pay any sum which he is required to pay, and, under the facts of the case, the court should have ascertained the truth of the allegations and entered a decree adjusting the rights of the parties. In determining these rights the relation of the parties alone is an important factor. Plaintiff was life tenant, defendants remaindermen. The principal of the debt was a charge upon the whole estate. The annual interest was a charge against the life tenant to the extent of the income from the land. 1 Washburn, *96 and note 5; 7 De G. M. & G. 134; Tud. Cas. 60; Doane v. Doane, 46 Vt. 485; 4 Kent, *74, 75. The plaintiff was not compelled to pay interest unless he collected rent. The rule that requires the life tenant to pay interest and taxes is based upon the fact that he has the present use of the land. If, for any reason, the life tenant is compelled to expend more than the income of the land, the excess may be charged upon the remainder. 4 Kent, supra; Penhyrn v. Hughes, 5 Ves. 99; Kensington v. Bonseril, 7 H. L. C. 557; Isaac v. Wall, 6 Ch. D. 706; Holridge v. Gillispie, 2 Johns. Ch. 34; Whitney v. Salter, 36 Minn. 103. When the defendants took possession and collected the rents, they destroyed plaintiff's ability to pay, and the law relieved him of the obligation to do so. When they purchased at the foreclosure sale they took the title in trust and when the plaintiff offered to assume and pay all obligations resting upon him he should have been permitted to do so. Allen v. De Groodt, 105 Mo. 442; Aubuchon v. Aubuchon, 133 Mo. 260; Van Horne v. Fonda, 5 Johns. Ch. 406; Jones v. Stanton, 11 Mo. 433; Picot v. Page, 26 Mo. 398; Dillinger v. Kelly, 84 Mo. 561; Meads v. Hutchinson, 111 Mo. 629; Hinters v. Hinters, 114 Mo. 29; Cockrell v. Hutchinson, 135 Mo. 67; Yocum v. Zahner, 29 Atl. 778; Downing v. Hartshorn, 95 N. W. 801; 1 Wasburn, *96.

*Booher & Williams, Elizur S. Castle* and *Vinton Pike* for respondents.

(1) There was no privity or fiduciary relation between plaintiff and defendants, even if defendants were remaindermen, which is not alleged. "No such confidential relations existed between the tenant for life and remaindermen as prevented the former from purchasing at the mortagee's sale." Meads v. Hutchinson, 111 Mo. 629. The sale by Owen, trustee, was of all the estate of plaintiff and wife. The purchasers took directly through the sale and deed of Owen, from the grantors in the deed of trust. The title of the heirs was not sold any more than the title of heirs is sold at sale by an administrator. The rule applies to a mortgage foreclosure as well as to sale by an administrator. After the death of the mortgagor, his administrator is the only necessary defendant to a foreclosure suit. Riley's Admr. v. McCord's Admr., 21 Mo. 285; Perkins v. Woods, 27 Mo. 547; Tierney v. Spiva, 97 Mo. 101; Aubuchon v. Aubuchon, 133 Mo. 265. (2) Plaintiff by the deed to Owen waived or released his curtesy estate. Thornton v. Pigg., 24 Mo. 249; Lee v. Lindell, 22 Mo. 202; Bank v. Hageluken, 165 Mo. 443; Rice v. Sally, 176 Mo. 107; Beagles v. Beagles, 95 Mo. App. 338; Mason v. Johnson, 47 Md. 357; Winn v. Riley, 151 Mo. 66; Strong v. Clem, 12 Ind. 37; Hill v. Chambers, 30 Mich. 422; Clark v. People, 44 Mich. 309; Denny v. McCabe, 35 Ohio St. 580. Plaintiff admits the deed was made to Owen in the nature of a mortgage in trust to secure the note described and he further admits the deed was foreclosed by advertisement and sale as therein provided, and that a deed of trust made by the purchasers from Owen is a valid charge on the land, and prays that it be declared a first lien. This concedes that the whole title was put in Owen with such powers as would enable him to convey it and that he did convey it. (3) The petition charges that the sheriff made a deed to defend-

ants in pursuance of execution sale upon the judgments obtained by Booher, Williams and Castle. This deed is conceded to be in legal form, and prima facie establishes the validity of the judgments, executions and sale recited therein. Carpenter v. King, 42 Mo. 219; Karnes v. Alexander, 92 Mo. 672.

BURGESS, P. J.—A second amended petition filed in this case is as follows:

"Plaintiff states that defendant Asa Roy Martin is a minor. Plaintiff further states that he was lawfully married to Mary E. Martin on the 30th day of April, 1884, in Delta county, Colorado, and thereafter continued to live with her as her husband until her death, which occurred on the 5th day of March, 1895; that issue was born alive of said marriage; that at and prior to the date of her death, Mary E. Martin was seized of the following described real estate, to-wit, two hundred and fifty acres of land in Andrew county, Missouri. That prior to the death of Mary E. Martin she borrowed of one Mary A. Owen the sum of nineteen hundred dollars and made, executed and delivered to said Mary A. Owen her certain promissory note dated October 16, 1892, by which she promised, for value received, to pay to said Mary A. Owen the sum of nineteen hundred dollars five years after date, with interest at the rate of seven per cent per annum from date, payable annually; that plaintiff signed said note as surety; that on the same date, to-wit, October 16, 1892, said Mary E. Martin and this plaintiff, executed and delivered to one Herbert A. Owen, trustee, their certain deed of trust, in the nature of a mortgage, conveying the land heretofore described to said Herbert A. Owen, in trust to secure the payment of said note. Said deed of trust was duly filed for record on the 22nd day of November, 1892, and recorded in book 65 at page 515, in the office of the recorder of deeds of Andrew county, Missouri. Plaintiff further states that all the money received by said loan

was in fact received by Mary E. Martin and during her lifetime expended by her in permanently improving said real estate. That after the death of said Mary E. Martin, plaintiff paid the interest on said note as it accrued up to the —————— day of ——————, 1896.

"Plaintiff further states that on or about the —————— day of ——————, 1896, Charles F. Booher and Isaac R. Williams and E. S. Castle, commenced proceedings before J. R. Majors, a justice of the peace within and for Nodaway township, Andrew county, Missouri, against this plaintiff upon certain promissory notes which had been signed by him jointly with Mary E. Martin, and recovered judgment thereon against this plaintiff, although said notes were in fact the primary obligations of Mary E. Martin and the estate of Mary E. Martin was at the time solvent; that said notes were given by Mary E. Martin to secure money on her own account and all money so secured by said notes was in fact used by said Mary E. Martin; that said Booher, Williams and Castle, who recovered said judgment, were not the payees in said notes, and said notes were procured by the defendants herein and turned over to said parties without consideration for the purpose of oppressing this plaintiff and compelling him to pay said notes and thereby relieve the estate of Mary E. Martin, in which all of these defendants were directly and personally interested as heirs and distributees, from the payment of the same and for the purpose of further oppressing this plaintiff by causing to be sold under said judgments his interest in the real estate herein described; that thereafter these defendants caused execution to be issued on said judgments and caused the sheriff of Andrew county to levy or pretend to levy upon and seize all the right, title and interest of this plaintiff in and to all the real estate herein described, together with a like interest in other large quantities of land—the total interest of this plaintiff levied upon being in excess of eight thousand dollars in value, although said judgments were trivial

in amount; that thereafter the said sheriff pretended to sell all the interest of this plaintiff in and to said land in a lump and at said pretended sale the entire interest of this plaintiff of the value aforesaid, brought one hundred and six dollars; that at said sale defendants herein, according to their original design and purpose to cheat and defraud this plaintiff, became the purchasers at the inadequate and insignificant price of one hundred and six dollars.

"Plaintiff further states that said pretended judgments, the executions and levies thereon were all void and of no effect, for the reason that all of said judgments were rendered by the justice aforesaid without jurisdiction of the person of the defendant (who is plaintiff herein) or of the subject-matter of said actions; that the records and proceedings by which said pretended judgments were procured, nowhere show that the defendant was ever served with process as required by law, or that the said justice had jurisdiction of the subject-matter of said causes of action.

"Plaintiff further states that notwithstanding the said judgments, executions, levies and sales were void, these defendants caused the sheriff aforesaid to execute and deliver a deed to them purporting to convey to them all of plaintiff's title to said real estate, and caused said deed to be recorded in the office of the recorder of deeds of Andrew county, Missouri, in book —— at page ——; that thereafter said defendants proclaimed and declared themselves to be the owners of all of plaintiff's interest in said land, and notified plaintiff's tenants to whom he had rented said lands that they, the defendants, were the only persons entitled to collect the rents thereon; that by reason of the pretended levy, the sale of plaintiff's interest in said real estate and the recording of said pretended deed and the false and fraudulent declarations of defendants aforesaid and the said notice given by defendants to plaintiff's tenants, plaintiff was

unable to realize anything for the rent of said lands for the year 1896.

"That, as defendants well knew, the only property which plaintiff owned at the time above mentioned, was his life estate in the land above described, together with a life estate in certain other real estate in Andrew county, Missouri, of which defendants had wrongfully taken possession and were and for a long time prior thereto had been collecting the profits thereon.

"That by reason of the wrongful acts of defendants as above set forth plaintiff was unable to realize enough out of the rents and profits of said lands to pay the interest on said note given to Mary A. Owen aforesaid which became due on the 16th day of October, 1896.

"That Charles F. Booher and I. R. Williams and E. S. Castle were the attorneys for defendants in all the matters herein set forth and complained of and acted in concert with the defendants according to a previously arranged scheme and conspiracy entered into by them for the object and purpose of so injuring the plaintiff in the possession of said real estate, so slandering his title thereto and injuring his credit, as to render it impossible for him to pay the interest as it became due on said note, thereby causing the deed of trust given to secure the same to be foreclosed and thereby themselves became the owner of plaintiff's title thereto.

"That on the 18th day of January, 1897, the deed of trust aforesaid was foreclosed by advertisement and sale as therein provided, and the defendants herein became the purchasers at the price of two thousand one hundred dollars, and on the same day the trustee named in said deed of trust executed his trustee's deed by which he conveyed to defendants herein all of plaintiff's title to said real estate, which said deed was duly filed for record and recorded in book —— at page —— in the office of the recorder of deeds of Andrew county, Missouri, and the defendants are now and since the last-

mentioned date have been asserting title to said real estate under and by virtue of said trustee's deed.

"Plaintiff states that afterwards, to-wit, on the same day that said trustee's deed was executed to defendants herein, said defendants made, executed and delivered to said Herbert A. Owen as trustee all the above-described real estate to secure the payment of a note made and executed by said defendants to Mary A. Owen the beneficiary; the trustee and beneficiary in said last-named deed of trust being the same persons named in said first deed of trust. This said last deed of trust was made to secure the payment of the indebtedness secured by the first deed of trust and that no money actually passed in said last transaction between said parties, except an amount sufficient to pay costs and expenses of executing the trust in said first deed.

"That said land was sold under said first deed of trust for the sole purpose of defrauding this plaintiff, and the defendants herein intended to defraud plaintiff of his property.

"That said last deed of trust is a valid charge on said real estate.

"Plaintiff further states that he is ready and willing to pay defendants any sums of money that has been expended by them that is or would be a charge against him, and here offers and tenders to defendants any sum that the court may find to be due said defendants.

"That the defendants have had possession of all said real estate ever since the 1st day of March, 1897, and have collected the rents and profits on the greater portion thereof ever since the first day of March, 1896. That the reasonable rental value of said lands is and at all times herein mentioned was five hundred dollars per annum, and plaintiff's interest therein is and at all time mentioned herein was of the value of six thousand dollars.

"Plaintiff further says he was willing at all times to pay the interest on said note as it became due and

pay his proportion of said note when the same became due and would have done so if the defendants had permitted him to enjoy the peaceable possession thereof.

"Wherefore plaintiff prays that the court will declare said last deed of trust to be a first lien on said real estate as against both plaintiff and defendants; that defendants be required to pay the amount of said deed of trust or account to plaintiff for such an amount as would be due from him were he not a surety and that an accounting be had and judgment for plaintiff against defendants for rents and profits and that said sheriff's deed be set aside and for naught held; that plaintiff be restored to the possession of said premises and for such other and further relief as to the court may seem just and proper."

Defendants demurred to said petition, on the following grounds:

"1.  Because the amended petition herein does not state facts sufficient to constitute a cause of action.

"2.  Because there is a defect of parties defendant.

"3.  Because said amended petition shows on its face that plaintiff is not entitled to the relief sought."

The demurrer was sustained, the petition dismissed, and judgment rendered in favor of defendants and against plaintiff for costs. From the judgment thus rendered plaintiff appeals.

The petition alleges that Booher, Williams and Castle, who recovered judgment upon said notes, were not the payees in them, but that the notes were procured by the defendants herein and turned over to said parties, without consideration, for the purpose of oppressing plaintiff and compelling him to pay them, and thereby relieve the estate of Mary E. Martin, in which all of these defendants were directly and personally interested as heirs and distributees, and in this respect sufficiently shows that defendants, as such heirs, were, up to and at the time of the sale of the land under execu-

193 Sup—13

tion, remaindermen therein, subject to the life estate of plaintiff as tenant by the curtesy. ·But they were not tenants in common with him in the land, for the very obvious reason that he, as tenant by the curtesy, was entitled to the exclusive possession and occupancy thereof, as well as to the rents, issues and profits arising therefrom, against everybody, during his life, and so claims in his petition. The rights of co-tenants are reciprocal, and no one of them will be permitted to deal with the property to the prejudice of his co-tenants. "Each is entitled, equally with all the others, to the entire possession of the whole property and of every part of it, and no one has the exclusive right to the whole or any particular part. Towards each other the co-tenants, by virtue of this unity of interest, sustain a sort of fiduciary relation, and the acts of any one in relation to the common estate, so far as beneficial thereto, will be presumed to be for, and will inure to, the benefit of all." [17 Am. and Eng. Ency. Law (2 Ed.), 668, 669, and authorities cited.]

As the plaintiff and defendants were not tenants in common, the defendants had a perfect right to buy plaintiff's life estate in the lands, and in so doing they acquired such interest, providing the judgments under which they acquired title were not void, or the sale at which they bought was not fraudulent or otherwise invalid.

The allegations of the petition respecting these judgments are substantially as follows: That the records and proceedings by which said pretended judgments were procured nowhere show that the defendant, who is plaintiff herein, was ever served with process as required by law, and that said justice of the peace had not jurisdiction of the subject-matter of the action.

The first allegation is a mere conclusion of law, and the inference to be drawn from the allegation is that the defendant was served with process, but not according to law as understood by the pleader. How or in what par-

ticular the service was defective, if such was the case, is not indicated, and it should have been pointed out in order that the court might determine whether it was fatal to the judgment. If the defendant was not served at all, the petition should have so alleged. The other allegation is equally bad, in that it does not allege why or wherein the justice lacked jurisdiction of the causes.

The demurrer only admits facts that are well pleaded, and these facts were not well pleaded. The allegations in the petition do not, therefore, show that these judgments or the sale thereunder was void.

The allegations of a combination between defendants and others to defraud plaintiff are not of such a character as would justify a setting aside of the sheriff's sale; nor is the difference between the alleged value of the land and the price which it brought at such sale sufficient to do so.

Moreover, the title acquired by defendants through the sale under the deed of trust passed all of the estate of plaintiff and his wife to defendants, and even if the sheriff's sale should be held void, defendants would still have title to the land, having acquired title thereto under said deed of trust. It makes no difference, we think, with respect to the rights of plaintiff, that he signed the notes upon which were rendered the judgments under which his interest in the land was sold, or the notes signed by him as surety for his wife, Mrs. Martin, and described in the deed of trust under which the land was sold to defendants. They were contract debts which plaintiff obligated himself to pay, and it was his misfortune that his property was sold by his creditors.

For these considerations the judgment should be affirmed. It is so ordered.

All concur.