## JAMES A. GIBSON, Appellant, v. CHICAGO GREAT WESTERN RAILWAY COMPANY.

**Division Two, February 12, 1910.**

1. **RETROSPECTIVE LAW: Existing Cause: New Party: Act of 1905.** A statute which gives to the administrator of a deceased person killed by the negligence of a railroad company in another state, the same right to sue in this state as the laws of such other state give him, merely provides a remedy by which he can enforce a cause of action already existing and accrued, and hence is not retrospective; and therefore the Act of 1905, Laws 1905, p. 95, is not unconstitutional.

2. **PLEADING: Conclusions of Law.** Allegations in no sense statements of facts, but clearly conclusions of law, are neither traversable nor demurrable, but, in passing upon the demurrer, should be eliminated from the petition.

3. ————: ————: **Statute of Another State.** In a suit for damages for personal injuries, a petition, alleging that the injury occurred·in another state, that under a certain statute of that state plaintiff is limited to two years to institute a suit for the death of deceased caused by the negligence of defendant, that plaintiff did institute said suit within two years by filing his petition in the proper circuit court of this State, that under and by virtue of certain other numbered sections of the statutes of that state actions for the death of said deceased survived to plaintiff, and that under and by virtue of said sections plaintiff is authorized to sue and recover damages caused by the death of said deceased on account of the carelessness and negligence of defendant, does not state a cause of action, but at most merely states conclusions of law. The statute of another state relied upon as giving or constituting a cause of action must be substantially pleaded with such distinctness that the court may judge of its effect, and the facts that constitute its violation must also be pleaded. The foreign statute in such case must be pleaded just as any other substantive fact.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*Allen, Gabbert & Mitchell, Mytton & Parkinson* and *Chas. C. Crow* for appellant.

Plaintiff, under the laws of Iowa referred to in the petition, had a cause of action against defendant which had fully accrued on the date mentioned in the petition, but under the law in effect in this State at that time there was no procedure provided by law for enforcing plaintiff's existing cause of action in this State, and to remedy this condition the State of Missouri passed an act found in Session Laws 1905, at page 95, which act provided plaintiff a remedy in this State for his then existing cause of action. As the Act of 1905 went solely to the remedy for existing and future causes of action, same was not retrospective in its operation within the meaning of the Constitution. The act related solely to a remedy and did not purport to affect, alter, change or enlarge plaintiff's rights under his then existing cause of action, and therefore the act is not retrospective. Clark v. Railroad, 219 Mo. 531; Bruns v. Crawford, 34 Mo. 330; Porter v. Mariner, 50 Mo. 364; Wellshear v. Kelley, 60 Mo. 343; In re Life Association of America, 91 Mo. 177; Drake v. Summerwell, 58 Mo. App. 246; Golden City v. Hall, 68 Mo. App. 627; Rosenfelt v. Railroad, 180 Mo. 554; State ex rel. v. Curr, 8 Mo. App. 125; Lovell v. Davis, 52 Mo. App. 342; Coe v. Ritter, 86 Mo. 277; State ex rel. v. Dolan, 93 Mo. 467; O'Bryan v. Alleb, 108 Mo. 227; Harrstick v. Gabriel, 200 Mo. 237; Frost v. Witter, 132 Cal. 421; 64 Pac. 705. For a statute to be objectionable under the provision prohibiting retrospective legislation it must impair existing vested rights. In this case the statute does not undertake to impair any right, create any cause of action, change or modify any existing cause of action, or change the rules of evidence or the rights of defendant in any manner, but merely provides a procedure by which plaintiff can in this State enforce an existing

cause of action in exact accordance with his rights existing prior to the enactment of the law of 1905. State ex rel. v. Marion County, 128 Mo. 437; Vanata v. Johnson, 170 Mo. 269; Gladney v. Snyder, 172 Mo. 318; Rotsong v. Web, 35 Mo. 174; Barton County v. Walser, 47 Mo. 189; Kreyling v. O'Riley, 97 Mo. App. 384; Hope Mutual Insurance Co. v. Flynn, 38 Mo. 483.

*Culver & Phillip* for respondent.

That the presumption is that the common law is in force in Iowa, that by the common law no action accrues to the administrator, or any one else, for the wrongful death of a person, and that where a statute giving such cause of action exists it must be pleaded as any other fact, in an action based upon it in a foreign state, and that the failure to plead the statute renders the petition demurrable, is well established. Lee v. Railroad, 195 Mo. 415. Plaintiff has failed to plead any statute of Iowa giving him a cause of action for the death of his intestate; it follows, that both grounds of the demurrer are well taken, and it was properly sustained. Mallinckrodt v. Nemnich, 169 Mo. 388; Hand v. St. Louis, 158 Mo. 212; State ex rel. v. Aloe, 152 Mo. 466; Merchants Exchange v. Knott, 212 Mo. 616; Martin v. Castle, 193 Mo. 183. A foreign law if relied upon as constituting a cause of action or a defense, must be pleaded with such distinctness that the court may judge as to its effect. It is a fact to be pleaded as any other fact, and pleading by title, chapter or section or by stating a mere conclusion, is insufficient. McDonald v. Life Assn., 154 Mo. 618; Swank v. Hufnagle, 111 Ind. 453; Forsyth v. Preer, 62 Ala. 443; Cubbedge v. Napier, 62 Ala. 518; Hempstead v. Reed, 6 Conn. 480; Pearce v. Rhawn, 13 Ill. App. 637; Bean v. Briggs, 4 Ia. 464; Carey v. Railroad, 5 Ia. 357; Roots v. Merriwether, 71 Ky. 397; Templeton v. Sharp, 9 S. W. (Ky.) 696; Temple v. Brittain, 12 S. W. (Ky.)

306; Railroad v. Miller, 19 Mich. 305; Hoyt v. McNeil, 13 Minn. 390; Bank v. Lang, 2 N. D. 66; McDonald v. Life Assn., 154 Mo. 618.

BURGESS, J.—The plaintiff instituted this suit in the circuit court of Buchanan county, against the defendant, to recover the sum of $10,000 damages for the death of his intestate, Martin M. Welch, caused by the alleged negligence of the defendant.

The petition filed therein was as follows (formal parts omitted):

"Plaintiff states that the Chicago Great Western Railway Company is a corporation duly organized and existing under and by virtue of the laws of the State of Illinois, and as such corporation is engaged in the general railroad business in the State of Iowa, and has a railroad right-of-way, tracks, rolling stock and equipment, owned, used and operated in the State of Iowa, and employs, among other servants, brakemen to operate its trains through the State of Iowa. Plaintiff states that deceased, Martin M. Welch, was in the employ of defendant railway company as a railway brakeman on and prior to the third day of August, 1906, and that said deceased was brakeman on a freight train owned, operated and controlled by defendant in the State of Iowa.

"Plaintiff, James A. Gibson, states that he is now and during all the times herein mentioned, has been a resident of the State of Missouri, and that deceased, Martin M. Welch, died in the State of Iowa.

"Plaintiff states that under and by virtue of section 3297 of the Code of Iowa a person not a resident of the State of Iowa may be appointed administrator of the estate of a person who departed this life in the State of Iowa, and that on the — day of August, 1905, plaintiff was duly and regularly appointed administrator of the estate of Martin M. Welch, deceased, in the probate court of Taylor county, in the State of Iowa,

and that letters of administration were duly and regularly issued to plaintiff on the estate of said Martin M. Welch, and that he is now and since the — day of August, 1905, has been the regularly appointed and duly acting administrator of the estate of Martin M. Welch, deceased, and was duly appointed administrator by the probate court of Buchanan county, Missouri, on the —— day of August, 1905, of the estate of Martin M. Welch, deceased, and is now acting and qualified administrator of said estate in Iowa and Missouri.

"Plaintiff states that under and by virtue of section 3447 of the Code of Iowa plaintiff is limited to two years in which to institute suit against defendant for the death of Martin M. Welch, caused by negligence, as hereinafter alleged, and that this suit was instituted in the circuit court of Buchanan county on the —— day of—— 1905, by filing in said court the original petition and issuing summons thereon and within two years after the death of Martin M. Welch.

"Plaintiff states that under and by virtue of sections 3313 and 3443 of the Code of Iowa actions for damages for the death of Martin M. Welch, survived to plaintiff as administrator, and that under and by virtue of said sections plaintiff is authorized and empowered to sue and recover damages caused by the death of Martin M. Welch against defendant on account of the carelessness and negligence of defendant, which resulted in the death of Martin M. Welch, as hereinafter alleged.

"Plaintiff states that the said Martin M. Welch, deceased, on and prior to the 3d day of August, 1903, was in the employ of defendant as a brakeman on one of its freight trains; that on or about the 23rd day of August, 1903, said Martin M. Welch, deceased, was engaged in the performance of his duties as such brakeman on one of defendant's freight trains, which ran from St. Joseph, Missouri, to Des Moines, Iowa; that said train consisted of cars heavily loaded with wheat

and other grain and produce; that while so engaged
in such duties, and while said train was running be-
tween the stations of Arispe, Iowa, and Shepherd,
Iowa, and while the said train was in rapid motion,
the said train was wrecked by reason of one of the cars
of said train leaving the track on account of one of the
wheels of said car being broken; that said car, which
had said wheel broken, was heavily loaded with wheat
beyond the capacity and strength of said car; that the
wheel of said car at the time and for a long period of
time prior to its leaving said track had been in the
broken condition herein complained of, and that said
defendant knew at the time that said car was attached
to and made a part of the train herein referred to
was broken, or by the use of ordinary care and reason-
able inspection could have known of the broken and
dangerous condition of said wheel.

"Plaintiff states that it was dangerous to the em-
ployees of defendant engaged in the operation of said
train, and especially to deceased, to attach said car
to said train, and the acts of defendant herein com-
plained of in attaching said car in the condition herein
alleged, and being overloaded, as herein alleged, was
carelessness and negligence on the part of defendant,
which caused the injuries and death of said Martin
M. Welch, as herein stated.

"Plaintiff states that when said train was wrecked,
as hereinbefore stated, on account of the car, hereinbe-
fore referred to, leaving the track, Martin M. Welch
was on said train as an employee of defendant, and
in the performance of his regular and customary duties
as a brakeman, and by reason of said train being wreck-
ed plaintiff states that said Martin M. Welch was in-
stantly killed by the cars of said train leaving the track
of defendant railway company, falling against and up-
on said Martin M. Welch, and thereby causing the in-
juries from which he died, on the said 23rd day of
August, 1903.

"Plaintiff states that each and all of the acts herein complained of was carelessness and negligence upon the part of defendant railway company.

"Plaintiff states that by reason of the death of said Martin M. Welch his estate has been damaged in the sum of ten thousand dollars.

"Wherefore, plaintiff prays judgment against defendant for the sum of ten thousand dollars and his costs in this behalf expended."

To this petition, the defendant filed a demurrer, which is as follows:

"Comes now the defendant in the above entitled cause and demurs to petition of plaintiff filed herein for the following reasons, to-wit:

"1. Because the plaintiff has no legal capacity to sue.

"2. Because the petition does not state facts sufficient to constitute a cause of action."

The court sustained this demurrer, to which action of the court the plaintiff duly excepted, and declining to plead further, the court rendered judgment against him. From this judgment the plaintiff duly appealed the cause to this court.

I. The trial court sustained the demurrer for both reasons assigned therein; and counsel for appellant assign that action of the court as error.

We will consider the grounds of the demurrer in the order stated therein.

As regards the former, there is no pretense but what, under the laws of Iowa referred to in the petition (if properly pleaded), appellant had a perfect cause of action against the respondent at the time mentioned in the petition, but under the law of this State, as it then existed, there was no remedy or procedure existing for the enforcement of appellant's said cause of action, in this State.

In order to remedy that condition of things, the

Legislature of Missouri passed an act, found in the Session Acts of 1905, at page 95, providing a remedy in this State for such causes of action.

In the trial court counsel for respondent assailed the constitutionality of said act as being violative of section 15 of article 2 of the Constitution, prohibiting the enactment of laws retrospective in character. Upon the other hand, counsel for appellant insists, that since said Act of 1905 is regarding only the remedy for then existing and future causes of action, it was not retrospective in its operation within the meaning of said constitutional provision.

Said act reads as follows:

"Section 548. Whenever any cause of action has accrued under or by virtue of the laws of any other state or territory, and the person or persons entitled to the benefit of such cause of action are not authorized by the laws of such state or territory to prosecute such action in his, her, or their own names, then, in every such case, such cause of action may be brought and prosecuted in any court of this state by the person or persons authorized under the laws of such state or territory to sue in such cases. Such suits may be brought and maintained by the executor, administrator, guardian, guardian *ad litem*, or any other person empowered by the laws of such state or territory to sue in a representative capacity."

There can be no question but what this act relates solely to the remedy, and does not affect, alter, change or enlarge appellant's said cause of action against respondent, or impose any new or additional obligation upon the latter.

This court has repeatedly held, in a long line of cases, that acts of the Legislature which relate only to the remedy of existing causes of action are not obnoxious to said section of the Constitution, among which are the following:

Clark v. Railroad, 219 Mo. l. c. 531; State ex rel. v. Taylor et al. (In Banc), 224 Mo. 393; Haarstick v. Gabriel, 200 Mo. 237; O'Bryan v. Allen, 108 Mo. 227; Porter v. Mariner, 50 Mo. 364.

The decisions here and elsewhere hold, that before a statute can be denounced as invalid under the provision of the constitution prohibiting retrospective legislation, it must impinge some existing vested right. In the case at bar, the Act of 1905 does not impair any vested right of respondent, nor does it create a cause of action in favor of appellant, nor does it modify or change any existing cause of action which existed in his favor at the time of its enactment; but, as before stated, it merely provides a remedy by which appellant could enforce in this State a cause of action then existing in his favor under the laws of the State of Iowa. [State ex rel. v. Marion Co., 128 Mo. 437; Vanata v. Johnson, 170 Mo. 269; Gladney v. Sydnor, 172 Mo. 318; Frost v. Witter, 132 Cal. 421.]

We are, therefore, of the opinion that the circuit court erred in sustaining the demurrer for the first reason assigned.

II. The second ground of the demurrer presents a much more serious proposition for determination. It assails the validity of the petition, because it does not state facts sufficient to constitute a cause of action against the respondent, in this: It alleges that the injury and death of Welch occurred in the State of Iowa, but it fails to plead the Iowa Statutes governing such cases, except as will be presently stated. That plea is as follows:

"Plaintiff states that under and by virtue of section 3447 of the Code of Iowa plaintiff is limited to two years in which to institute suit against defendant for the death of Martin M. Welch, caused by negligence, as hereinafter alleged, and that this suit was instituted

in the circuit court of Buchanan county on the —— day of —— 1905, by filing in said court the original petition and issuing summons thereon and within two years after the death of Martin M. Welch.

"Plaintiff states that under and by virtue of sections 3313 and 3443 of the Code of Iowa actions for damages for the death of Martin M. Welch, survived to plaintiff as administrator, and under and by virtue of said sections, plaintiff is authorized and empowered to sue and recover damages caused by the death of Martin M. Welch against defendant on account of the carelessness and negligence of defendant, which resulted in the death of Martin M. Welch, as hereinafter alleged."

These allegations are in no sense statements of facts but are clearly conclusions of law drawn by the pleader; and, in passing upon the demurrer, they should be eliminated from the petition, for the reason that they are neither traversable nor demurrable.

In passing upon a similar question, this court, in the case of Mallinckrodt v. Nemnich, 169 Mo. l. c. 397, used this language: "The allegation quoted is simply the averment of a legal conclusion; not the statement of issuable facts; not, therefore, either traversable or demurrable, and is to be treated as no statement at all, and consequently obnoxious to attack by general demurrer. [Bliss Code Plead. (3 Ed.), sec. 413, and note; Ib., secs. 210, 211, 212, 213; Craft v. Thompson, 51 N. H. l. c. 540; McKinzie v. Mathews, 59 Mo. l. c. 102; Cooper v. French, 52 Iowa 531.] 'The allegation of a conclusion of law raises no issue, need not be denied, and its truth is not admitted by a demurrer to the complaint containing it.' [Kittinger v. Buffalo Traction Co., 54 N. E. 1081; see also 12 Ency. Pl. and Prac., 1022, et seq.; Institute v. Bitter, 87 N. Y. 250; Hoester v. Sammelmann, 101 Mo. l. c. 624.]"

To the same effect are Hand v. St. Louis, 158 Mo.

l. c. 212, 213; State ex rel. v. Aloe, 152 Mo. 466; Martin v. Castle, 193 Mo. 183.

It is elementary, that where a foreign statute, or the statute of another state, is relied upon as giving, conferring or constituting a cause of action, it must be substantially stated with such distinctness that the court may judge its effect.

Not only must the law in such cases be pleaded, but the facts which constitute its violation must also be stated. But where the cause of action is predicated upon the laws of this State, good pleading does not require such laws to be pleaded. The reason for this distinction is based upon the fact that the courts of this State will take judicial notice of their own laws, but cannot take judicial notice of the existence of statutes in other states or countries. [McDonald v. Life Association, 154 Mo. 618; Cubbedge v. Napier, 62 Ala. 518; Swank v. Hufnagle, 111 Ind. 453; Carey v. Railroad, 5 Iowa 357; Roots v. Merriwether, 71 Ky. 397; Railroad v. Miller, 19 Mich. 305; Bean v. Briggs, 4 Iowa 464.]

In the case of McDonald v. Life Assn., supra, this court, on page 628, said: "The defendant realized this, for it attempted to plead the Iowa law and did plead the certificate of the State Superintendent of Insurance of Missouri, authorizing it to do business as an assessment company. But the certificate does not determine the character of insurance the defendant actually issues. It determines only the character of business it was licensed to do; the policy settles the class to which the defendant actually belongs. The laws of Iowa were not properly pleaded (the chapter of the Revised Statutes of Iowa is referred to only by number—its terms, tenor or effect are not set out) and therefore their reading on the trial was properly excluded. [Morrissey v. Wiggins Ferry Co., 47 Mo. l. c. 525; Flato v. Mulhall, 72 Mo. l. c. 525.] The laws of sister states must be alleged and proved like any other

issue of fact. [Mooney v. Kennett, 19 Mo. 551; Babcock v. Babcock, 46 Mo. 243; Clark v. Barnes, 58 Mo. App. 667; Charlotte v. Chouteau, 25 Mo. 465.]''

In Cubbedge v. Napier, supra, it was averred by the pleader that "at the time of the execution and delivery of said note and mortgage under and by virtue of said statute laws of Georgia all titles to property made as part of an usurious contract, or to evade the usury laws of such state, are void," etc. As to the sufficiency of this pleading, the Supreme Court of Alabama said: "When the complainant in a bill in equity deduces his title to relief from the statute of a sister state, the statute must be substantially stated in the bill; for the reason that the court cannot judicially take notice of it. A general averment of the existence of the statute, and that it confers the right, is not sufficient. It is a statement of the conclusion of the pleader rather than a statement of facts. Thus, in Cockrell v. Gurley, 26 Ala. 405, which was a bill filed by a remainder-man for the protection of his interest in certain slaves, which had been allotted in Kentucky to the tenant of the particular estate, as dower in the estate of her deceased husband, the statute of Kentucky, it was averred, limited her interest to a life estate, with remainder to the next of kin of her husband. The averment was in this form: 'That by the statute laws of Kentucky at the time of the death of said Henry B. Haley (the husband) and the allotment of dower to his widow, as aforesaid, she was only entitled to a life interest in said negro Chaney and her increase, and the estate in remainder vested in the said Mary Ann (the complainant).' This court pronounced the averment insufficient—that it was simply a statement of what the pleader supposed to be the law of Kentucky. If the usury consists in the violation of the law of a state other than that in which the enforcement of the contract is sought, the law is matter of fact, which must be pleaded with the certainty that any extrinsic fact must

be pleaded which is essential to a right of action or to constitute a defense. The pleader may be well satisfied of his construction of the foreign law, and may assert it is the law itself; that is not his province. The law must be substantially stated; and the facts must be averred which are supposed to constitute its violation, then the court can determine whether the facts—the foreign law, which is but a fact—and the transaction supposed to offend it, compel the repudiation of the contract. . . . Subjecting these averments to the rules we have stated, they are not averments of fact, but the conclusions of the pleader.''

In the case of Carey v. Railroad, supra, on page 364, the court said: ''The general reference in the bill, to the laws of the State of Indiana, is not sufficient. If complainant would rely upon the fact that the Cincinnati, New Castle and Michigan Railroad Company had failed to organize according to the laws of that state; or that it had conducted in such a manner, as that, under and by virtue of those laws, it had forfeited its charter, or ceased to have a corporate existence—the particular statute or statutes relied upon should be set out, that the courts of this state may be able to judge of their provisions, and of the duties thereunder devolving upon this company. Our courts do not take judicial notice of the statutes of another state. And if a party relies upon such statutes, he must set them out—plead them as he does any other fact, and it will not do to refer to them by their title, and date of approval, nor by stating what in the opinion and judgment of the pleader are their general provisions and requirements. [Bean v. Briggs, 4 Iowa 464, and cases there cited; Walker v. Maxwell, 1 Mass. 103; Legg v. Legg, 8 Ib. 99; Collett v. Keith, 2 East 261.]''

And in the case of Bean v. Briggs, 4 Iowa 468, the court said: ''The established doctrine now is that no court takes judicial notice of the laws of a foreign country, but they must be proved as facts. [Story's Conf.

of Laws, sec. 637, and the authorities cited in note 2.]
And if a party would introduce such proof, it is not
sufficient to aver, as a plaintiff, in his pleadings, that
his right to recover is warranted by the law or statute
of another state, where his contract was made; nor as
a defendant, in his answer, that plaintiff cannot re-
cover by reason of the provisions of such foreign stat-
ute, but he must plead the particular statute relied
upon, and set it out, as he would any other fact in the
case, that the court may be able to see and judge
whether the proceeding is warranted, or the defense
tenable, under such law.    [1 Chitty, Pleading, 247;
Holmes v. Broughton, 10 Wend. 75; Pearsall v. Dwight,
2 Mass. 34.]''

In Swank v. Hufnagle, 111 Ind. 453, the plaintiff
alleged ''that the contract was made in Ohio, and that
by a statute of that state a married woman had power
to execute such a mortgage,'' but the statute of Ohio
was not set out, and that pleading was held bad.

In Hand v. St. Louis, 158 Mo. l. c. 212, it was al-
leged: ''That in consequence of the act of the city,
that is, the act of building an engine house on the lot,
and its location and the development of the city, it is
now impossible to use it for a market.'' The Supreme
Court said of this allegation: ''Thus stated it is a
mere conclusion of the pleader and not very logical
as such. A demurrer admits only facts pertinently
pleaded. It does not admit a conclusion.''

And so in Martin v. Castle, 193 Mo. l. c. 194, where
the plaintiff in his petition sought to have certain judg-
ments declared void, the allegations of the petition
respecting these judgments were substantially as fol-
lows: ''That the records and proceedings by which
said pretended judgments were procured nowhere show
that the defendant, who is plaintiff herein, was ever
served with process as required by law, and that said
justice of the peace had no jurisdiction of the subject-
matter of the action.'' With reference to the suffi-

ciency of these allegations to show that the judgments were void, on demurrer to the petition, this court said: "The first allegation is a mere conclusion of law, and the inference to be drawn from the allegation is that the defendant was served with process, but not according to law as understood by the pleader. How or in what particular the service was defective, if such was the case, is not indicated, and it should have been pointed out in order that the court might determine whether it was fatal to the judgment. If the defendant was not served at all, the petition should have so alleged. The other allegation is equally bad in that it does not allege why or wherein the justice lacked jurisdiction of the causes. The demurrer only admits facts that are well pleaded, and these facts were not well pleaded."

There are many other cases of like import and none to the contrary to which our attention has been called. See Forsyth v. Preer, 62 Ala. 443; Hempstead v. Reed, 6 Conn. 480; Temple v. Brittan, 12 S. W. (Ky.) 306; Hoyt v. McNeil, 13 Minn. 390; Bank v. Lang, 2 N. D. 66; Pearce v. Rhawn, 13 Ill. App. 637.

We are, therefore, of the opinion that the action of the circuit court in sustaining the demurrer to the petition on the second ground assigned was proper, and that the judgment for that reason should be affirmed; and it is so ordered.

All concur.