W. STANLEY SMITH, RESPONDENT, v. TRIMBLE-COMPTON PRODUCE COMPANY, APPELLANT.

Kansas City Court of Appeals. June 25, 1928.

*William C. Forsee* and *Forsee & Forsee* for respondent.

*Leslie J. Lyons* and *Mildred A. Connor* for appellant. ·

FRANK, C.—This is a suit upon a foreign judgment. It was instituted by plaintiff, respondent here, in the justice court of Washington township, Jackson county, where plaintiff recovered judgment and defendant appealed to the circuit court, where plaintiff again recovered judgment and defendant appealed.

The facts are substantially as follows:

An insurance company known as "The Automobile Liability Co., Limited Mutual" was organized in Milwaukee, Wisconsin, under the laws of said State for the purpose of issuing policies of insurance to owners of motor vehicles indemnifying such owners against loss by fire, theft and liability for damages. The insurance company transacted its said business in several States of the Union, including Missouri. Between the dates of December 5, 1917, and December 30, 1919, defendant was a member of and held several policies in said insurance company. Said policies, among other things, provided that in addition to the required premiums specified therein there should be a mutual liability of the member named in said policy for such member's ratable portion of the claims and expenses incurred during each policy year, not provided for by the funds of said insurance company. On March 2, 1922, the commissioner of insurance of the State of Wisconsin under and pursuant to the provisions of sections 1970m and 2022, took possession of said insurance company and instituted an action against said company in the circuit court of Milwaukee county, Wisconsin, in which said action said court declared said insurance company in-

solvent and ordered that same be liquidated. By the terms of said order said commissioner of insurance was invested with the title to all property belonging to said insurance company and empowered to collect all money and claims due said company at date of said order. On October 30, 1923, said circuit court of Milwaukee county, Wisconsin, made its decree of assessment in said liquidation proceedings by which it was determined that it was necessary, in order to pay the debts of said insurance company, to make an assessment on all policyholders in said insurance company who were such between September 4, 1915, and March 2, 1922, in the sum of $421,958.10. The decree of said court also assessed defendant on each policy held by it between the dates aforesaid with its proportional part of said indebtedness in the total sum of $253.61. The petition in the case at bar alleges in detail all of the above facts and asks judgment against defendant in the sum of $253.61.

Defendant's answer was a general denial.

Stated in small compass, the case presented is, that defendant, being a policyholder and member of a mutual insurance company, was, by the terms of its policy, liable for its *pro rata* part of the debts of said company; that said company was insolvent and plaintiff's *pro rata* share of the debts and obligations of said company was determined by a judgment of the circuit court of Milwaukee county, Wisconsin, to be $253.61, which judgment defendant refused to pay and plaintiff brought suit here on said Wisconsin judgment.

At the trial of the cause in the circuit court here, defendant objected to the introduction of any evidence in said cause, on the ground, among others, that the petition did not state facts sufficient to constitute a cause of action against defendant.

The proceedings which resulted in a judgment against defendant in the Milwaukee county, Wisconsin, circuit court was not a common-law action but was a proceeding instituted pursuant to a statute of Wisconsin. The petition alleges that the insurance commissioner of the State of Wisconsin, pursuant to the provisions of sections 1970m and 2022, Wisconsin Statute 1921, took possession of said insurance company and instituted an action in the circuit court of said Milwaukee county and said court pursuant to said statutes rendered the assessment judgment against defendant which is the basis of the present action.

If it be true, as the petition alleges, that the proceedings in the State of Wisconsin which resulted in the assessment judgment which is the foundation of the present action, were authorized by and had pursuant to a statutory enactment, we cannot presume, in the absence of a knowledge of the provisions of the statute, that the Wisconsin court had jurisdiction of the subject-matter of the action. It was therefore incumbent on plaintiff to allege and prove the provisions of the Wisconsin statute under which such proceedings were had, in

order that we may determine whether or not such court had jurisdiction of the subject-matter.

In Swing v. Furniture Co., 123 Mo. App. — the St. Louis Court of Appeals had before it a similar state of facts, and in disposing of the contention there made, said:

"The suit in the Supreme Court of Ohio strikes us as one which was not according to the common law, but of an extraordinary nature, and entertained pursuant to some statutory grant of power to the court. If this was true, it is questionable if said court can be presumed, in the proceeding in another State, to have had jurisdiction of the subject-matter of the suit. [Kelley v. Kelley, 161 Mass. 111; 25 L. R. A. 806, 807, and cases cited; Wilhelm v. Parker, 17 Ohio Ct. Rep. 234.] Plaintiff's petition contains no statement regarding the jurisdiction of the Ohio Supreme Court over the subject-matter, and if it is essential to establish its jurisdiction, the petition will not suffice to let in evidence of the facts."

The Swing case, supra, was again before the St. Louis Court of Appeals, and is reported in 150 Mo. App. 574, where the same contention was again disposed of in the following language:

"We decline to re-examine the question as to whether or not the statutes of Ohio conferring jurisdiction on the Supreme Court of that State to dissolve the corporation and appoint plaintiff trustee should be pleaded, for such was the ruling on the former appeal and the opinion of the court then expressed is the law of the case. [Hayward, Assignee, v. Smith et al., 187 Mo. 464, 86 S. W. 183.] It is entirely clear from the petition that the Supreme Court of Ohio did not proceed according to the course of the common law in the matter referred to, for the petition avers it proceeded under the constitution and statutes of that State, but fails to set forth the constitutional or statutory provisions or their tenor and effect, which is essential for the court to determine what jurisdiction or power they purport to confer. Plaintiff deduces his right to sue from the proceedings had in the Supreme Court of Ohio, which, it is said, resulted in the dissolution of the corporation and his appointment as trustee. There can be no doubt that, aside from such proceedings, he is wholly without authority in the premises. It is elementary that where a foreign statute or the statute of another State is relied upon as conferring or constituting a cause of action or conferring the right to sue, it must be substantially stated with such distinctness that the court may understand and determine its effect. The general laws of the State of the forum where the suit is instituted are not required to be pleaded in such circumstances for the reason that the courts are judicially advised of their existence and effect, but such is not true with respect to foreign statutes and constitutions of which we are without knowledge until they are pleaded and proved. It is therefore essential, when asserting a right in the courts of this State said to have accrued

or to be derived from the laws of a foreign State, that such laws should be pleaded *in haec verba,* or substantially at least, to the end that the court may see and determine for itself what authority and what rights it purports to confer. [Gibson v. Chicago Great Western Ry. Co., 225 Mo. 473, 125 S. W. 453; McDonald v. Banker's Life Ass'n, 154 Mo. 618, 55 S. W. 999.]''

We are familiar with the law that where a foreign statute is not the basis of the action, but is merely evidentiary, it may be proved without being pleaded (Soverson v. Dickinson, 259 S. W. 518, 519), but where, as here, the foreign statute confers the right to sue, it is necessary to allege and prove such statute. [281 Mo. 649, 221 S. W. 46; Rashal v. St. Louis I. M. & S. Ry. Co., 155 S. W. 426, 249 Mo. 509; Swing v. Furniture Co., 150 S. W. 574, 578.]

The petition alleges that the entire proceedings had in the Wisconsin court were had pursuant to sections 1970m and 2022 of the statutes of that State. If this be true, plaintiff's authority to bring the suit, and the court's authority to render the judgment were conferred by statute. The petition does not attempt to plead the statute or state its substance. The allegation that the proceedings were had pursuant to a statute is a conclusion of the pleader. We cannot take judicial notice of this statute or accept the conclusion of the pleader that such proceedings were had pursuant thereto. It is not sufficient to refer to the statute by its number. The petition should plead it in such manner that the court may determine its effect. [Wentz v. C. B. & Q. R. R. Co., 168 S. W. 1166, 259 Mo. 450; Swing v. Furniture Co., supra.]

Failing to plead the provisions of the Wisconsin statute, the petition did not state a cause of action. This conclusion necessarily determines the case regardless of other points raised, but as the cause will be remanded, we should determine the question of jurisdiction raised by defendant.

This suit was brought in a justice court in Washington township, Jackson county. Defendant resided in Kaw township, which adjoins Washington township. Defendant contends that under the statutes a justice of the peace of Washington township has no jurisdiction to hear and determine a civil suit against a resident of Kaw township, except in attachment proceedings. This exact question was determined in the case of State of Missouri ex rel. Gordon v. Charles E. Summers, Justice of the Peace for Blue Township, Jackson County, Missouri, and Olaf F. Johnson, Commissioner of Insurance for the State of Wisconsin, No. 16332, decided at this term of court and not yet reported. We hold in that case that the justice of the peace had jurisdiction, and on the authority of that case, we hold in this case that the justice court in which this cause was instituted had jurisdiction of the person of defendant and the subject-matter of the action.

Having reached the conclusion that plaintiff's petition does not state a cause of action, the judgment is reversed and cause remanded. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.