OLIVER M. BABCOCK, Defendant in Error, v. GEORGE BABCOCK, Plaintiff in Error.

1. *Practice, civil — Evidence — Laws of sister States must be proved like other facts.* — In the trial of a cause, the laws of another State are to be given in evidence like any other facts; and when the record shows no evidence proving them, instructions based on them are properly refused.

2. *Practice, civil — Evidence — Rebuttal — New matter can not be gone into.* — A party can not go into proof of new and independent matter in rebuttal, and courts are fully warranted in excluding evidence of this description.

*Error to St. Louis Circuit Court.*

*R. F. Wingate*, for plaintiff in error.

The agreement relied on by plaintiff was champertous, contrary to public policy, and hence void as to both parties; and the court erred in refusing the fourth and fifth instructions. (Gen. Stat:

1865, p. 558; 13 Ind. 117; Chit. on Cont. 657–8.) If the contract was void, the jury, under the second instruction given by the court, should have allowed the defendant for the value of his services and the moneys expended by him in the prosecution of the suits.

*Lucien Eaton*, for defendant in error.

I. On the pleadings the second count was confessed, and the plaintiff was entitled to judgment for the amount claimed and interest; yet each instruction which was refused concluded with a direction to find generally for the defendant.

II. No champertous contract appeared in the pleadings. The defendant can not defeat a recovery by setting up outside the pleadings a champertous contract made by him. If there was such a contract, and it were void, then defendant could retain of plaintiff's money nothing, or at best the value of his services and his legitimate and proper expenses.

III. The attempted proof of a new contract by defendant when recalled, in rebuttal, was too late.

IV. The laws of Illinois must be proved as any other fact.

CURRIER, Judge, delivered the opinion of the court.

The petition in this cause contains two counts; the first being for money had and received, and the second being for money ($100) advanced. The answer contains no specific denial of any of the material allegations in either count, nor does it set up any defense to the cause of action secondly stated in the petition. As to the cause of action set out in the first count, the defendant pleads accord and satisfaction. The answer shows that the defendant was employed to prosecute a suit against the St. Louis, Alton and Terre Haute Railroad Company for alleged injuries to the plaintiff's wife, claimed to have resulted from the negligence of the railroad company's servants; that a suit was accordingly commenced in favor of the plaintiff and his wife against the company, which resulted in a compromise settlement, after a trial and verdict for the plaintiffs, whereby the railroad company agreed to pay and did pay over to the present defendant the sum

of $5,090 in discharge of said suit and cause of action, as also
in discharge of a suit and cause of action in which the present
plaintiff was suing for personal injuries to himself. The answer
then proceeds to show that the defendant had disbursed consid-
erable sums of money in prosecuting the suits against the railroad
company, and that his personal services therein were of the value
of $2,500 ; that he accounted with the plaintiff in respect to his
disbursements, services, and collections, and that upon such
accounting he paid over to the plaintiff the sum of $2,500 as
the full balance due him : that the same was accepted and received
by the plaintiff in full satisfaction and payment of all his claims
upon the .fund in the defendant's hands, the balance of $2,590
being allowed to the defendant for his disbursements and services.
The plaintiff, by his replication, admitted the employment of the
defendant to prosecute said suits, but denied the alleged value
of his services and disbursements, as also the alleged facts
of settlement, and alleged that the defendant took the suits to
prosecute upon a contingent fee, to-wit: twenty-five per cent. of
the recovery.

At the trial, the defendant took the affirmation and gave evi-
dence tending to prove the facts alleged by him in defense. The
plaintiff then gave evidence in rebuttal and in support of the
averments of his replication, whereupon the defendant offered
and was permitted to give evidence tending to show that the con-
tract, mentioned in the plaintiff's replication, for a prosecution
of said suits upon a contingent fee of twenty-five per cent. of
the anticipated recovery, was rescinded and set aside. He further
offered to show that a new and independent contract was entered
into, by which he was to have one-half the proceeds of the liti-
gation. This proffered evidence was objected to and excluded,
and the defendant complains of the exclusion as erroneous and
prejudicial to him. He also complains of the action of the court
in refusing instructions asked by him.

The first two instructions asked by the defendant assume that
the laws of Illinois, where the railroad suits were prosecuted and
where the plaintiff and his wife resided, make the damages
recovered for injuries to the wife the separate estate of the wife.

But the laws of Illinois on this subject, if relied upon, should have been proved at the trial like other facts. There is no evidence in the record on which to base the proposed instructions. Moreover, the instructions are addressed to no issue in the case. The defendant, by his answer, admits the plaintiff's original cause of action, and pleads accord and satisfaction in bar of it. The defendant's third instruction relates to this issue, and although refused in the form in which it was asked, was nevertheless given by the court in corrected phraseology and so as to present the issue fairly to the jury.

The defendant's fourth and fifth instructions hypothecate certain facts which are supposed to constitute champerty, and direct the jury, if they find these facts to be true, to return a verdict for the defendant. Had the instructions directed the jury, in case they found the supposed facts, to disregard the contract set up in the plaintiff's replication as being champertous and void, there would have been better ground for complaining of their refusal. But the instructions, as asked, not only directed the jury to treat the supposed champertous contract as void, but to find against the plaintiff on the whole case. It did not follow, from the invalidity of that contract, that the plaintiff was not entitled to recover anything. Besides, the court treated the contract as invalid, by its instruction by which the jury were directed to allow the defendant for all his proper disbursements on the plaintiff's account, and also for the reasonable value of his professional services. This put the contract out of the case, and left the jury free to pass upon the question of the defendant's services and expenditures untrammeled by its provisions. This is all the defendant had any right to ask. The defendant's sixth and last instruction is based upon the hypothesis that the plaintiff, by a new, subsequent, and independent contract, had agreed to allow the defendant one-half the proceeds of the Illinois suits. But the court had ruled out the evidence on which this instruction was sought to be based, and this brings us to a consideration of the action of the court on that subject. Under the pleadings the defendant held the affirmative, and went forward. The plaintiff followed, and after his testimony was closed the defendant was allowed to put in evidence

to rebut the case made upon the plaintiff's replication.   But he wished to go further, and set up an entirely new and independent matter, to-wit: a contract by which he was to have half the proceeds of the Illinois suits.   He was too late, and the court was fully warranted in excluding the evidence on that subject.   If it was admissible at any stage of the proceedings, it should have been offered in the first instance, while the defendant was seeking to support the case made by his answer.   That was the case for him to maintain under the pleadings; his other proofs were in rebuttal.   But he sought to go beyond this and raise a fresh issue.

I have gone through the defendant's instructions, which were refused by the court, in detail; but there is one fatal vice common to them all, which justified their rejection, aside from the particular objections already noticed.   On the face of the pleadings the plaintiff was entitled to judgment on his second count.   This fact was entirely disregarded by the defendant's instructions, each one of them concluding with a general direction to the jury to find for the defendant on the whole case if they found the recited facts.   The court very properly refused these instructions, and gave others which put the case to the jury with fairness and liberality toward the defendant.   The jury may have misjudged as to the amount of the defendant's disbursements and the value of his services.   If so, it was through no fault of the court. They were directed to allow the defendant for his expenditures and whatever his services were worth, which was all the defendant had any right to demand.   The court, in fact, went beyond what the pleadings warranted in telling the jury to find for the defendant on the whole case if they believed from the evidence that the plaintiff received and accepted $2,500 in full for the balance of moneys *collected* by the defendant.   This ignores the second count, which was not for moneys collected, but was for moneys which the plaintiff had advanced to the defendant, according to the averments of his second count.

For the reasons stated the judgment will be affirmed.   The other judges concur.