LUCCHETTI v. PHILADELPHIA & R. RY. CO.

(District Court, E. D. Pennsylvania.   May 25, 1916.)

1. COMMERCE ⬅═27—INTERSTATE COMMERCE—ACTIONS—ESSENTIALS.

For a railroad employé to predicate liability under Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (Comp. St. 1913, §§ 8657–8665), he must show, not only that the railroad company was engaged in interstate commerce, but that at the time of the injury he was engaged in interstate commerce work.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. ⬅═27.]

2. PLEADING ⬅═248(12)—AMENDMENTS—RIGHT TO AMEND.

A servant's cause of action resting on violation of statute is entirely distinct from his cause of action under the common law, and he may at his option assert either or both; but where he asserts only one of them, and later the other by amendment, he is introducing a new cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 694; Dec. Dig. ⬅═248(12).]

3. PLEADING ⬅═248(12)—AMENDMENT—RIGHT TO AMEND.

In a personal injury action by a railroad employé, where the statement of claim averred that the company was engaged in interstate commerce, an amendment inserting omitted averments that the servant was engaged in such commerce at the time of the injury, states no new cause of action against which limitations may have run, for, unless the action was brought under the federal Employers' Liability Act, the federal court had no jurisdiction, and therefore it was obviously intended to state a cause of action under such act.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 694; Dec. Dig. ⬅═248(12).]

At Law.   Action by Francesco Lucchetti against the Philadelphia & Reading Railway Company.   Sur motion for leave to amend statement.   Amendment granted.

Francis J. Maneely, of Philadelphia, Pa., for plaintiff.
Wm. Clarke Mason, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.   [1] Plaintiff filed a statement of claim March 18, 1914.   The cause of action meant to be set forth was one under the acts of Congress relating to employés of railroad common carriers engaged in interstate commerce.   It is essential to a case under the statutes of the United States, not only that the defendant was at the time engaged in interstate commerce, but also (as the fact might be the defendant was likewise engaged in transportation within the state) that the plaintiff was, at the time the cause

of action arose, employed in interstate commerce work. This is settled beyond the necessity of the citation of authorities laying down the ruling. The only objection interposed to the allowance of the motion is that by it a new cause of action is introduced. The practical value of the position asserted by the objection lies in this: That if the amendment is allowed the action was instituted in time. If the plaintiff is driven to a new action, the bar of the statute of limitations could be pleaded.

[2] A party may have two causes of action, which, although grow-out of the same fact occurrences, are distinct, separate, and different. One of them, for illustration, may arise out of the general principles of the law of negligence, and the other out of the provisions of a statute, state or federal. He may have the right to assert either or both. If he asserts one or both, and makes a slip in pleading his averments of fact, he may amend. If, however, he brings his action for the one cause, and wishes to change to the other, it is clear he is not amending the pleadings in the action brought, but is bringing in a new cause of action.

[3] The statement of claim here with sufficient clearness indicates it to have been for a cause arising under the laws of the United States. This is further indicated by the fact that the action was brought in a court of the United States by a litigant who, for any other cause than one arising under the laws of the United States, could have brought no action. The action brought was therefore either for this cause or the court was without jurisdiction to entertain it. The statement of claim contains an averment of one of the essential facts above stated. This would not be a necessary averment, unless the cause of action was that now asserted. It omits an averment of the other. This omission is shown to have been by mistake. The conclusion (the correctness of which is not in question before us) that the statement is insufficient in law because of the omission does not, in itself, involve the other conclusion, that supplying the omission would be the introduction of a new cause of action. The omission of an averment of damages would likewise render the statement short in necessary averments; but supplying the omission through an amendment would concededly be amending the old statement, not the assertion of a new claim.

The line of distinction may be confidently drawn. It is sometimes easy and sometimes difficult to determine on which side of it a proposed amendment is. We think the present amendment is on the permitted side, and because of this allow it. There is nothing in the case of Garrett v. Louisville, 235 U. S. 308, 35 Sup. Ct. 32, 59 L. Ed. 242, to condemn this view. On the contrary, the implication is otherwise so far as the ruling reflects the views of the District Court and the Circuit Court of Appeals whose judgment was affirmed. Each of them suggested and tendered the offer of allowance of an amendment. There is the further thought in the present case that this amendment was allowed before the statute had closed upon the plaintiff's right.

The delay in acting upon this is unexplained, but the amendment may be now made under the allowance then given.