## O'DELL v. SOUTHERN RY. CO.

(District Court, W. D. South Carolina. November 25, 1917.)

1. PLEADING ⬅237(6)—AMENDMENT—CONFORMING TO PROOF.
   In a railroad employé's personal injury action, where the proof showed that he was not engaged in interstate commerce as alleged, and that averment had been denied by defendant, the allowance of an amendment to conform the complaint to the proof was proper, though defendant was denied time to answer; it not appearing that on the subsequent hearing defendant could make out a case to the contrary.

2. COMMERCE ⬅27(8)—"INTERSTATE COMMERCE"—RAILROAD EMPLOYÉ.
   Whether a railroad employé was, within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1916, §§ 8657–8665]), engaged in "interstate commerce" at the time he was injured, depends upon the character of the act at that time, and the fact that the appliance he was repairing when injured might in the future be used in interstate commerce does not establish that the cause of action falls within the act.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

At Law. Action by Clarence O'Dell against the Southern Railway Company. There was a verdict for plaintiff, and defendant moves for new trial. Motion denied.

J. J. McSwain, of Greenville, S. C., for plaintiff.
Cothran, Dean & Cothran, of Greenville, S. C., for defendant.

JOHNSON, District Judge. The complaint alleged that the plaintiff was engaged in interstate commerce work at the time of his injury. There was no testimony to show that he was so engaged. The testimony showed that he was injured while working on an electric motor in the yards at Asheville, N. C. The plaintiff moved to strike out the allegation that he was engaged in interstate commerce, so as to have the complaint conform to the facts proved. The court allowed the amendment. The defendant demanded time to answer. That demand was refused. The cause was argued by counsel, and, after instruc-

tions by the court, submitted to the jury. The verdict was for the plaintiff. Defendant moved for a new trial.

The motion for a new trial is based upon all the grounds upon which the defendant asked for a directed verdict, and upon two additional grounds: First, that the court erred in allowing the plaintiff to amend his complaint and in denying the defendant time to answer; second, that the verdict is excessive. Only the last two grounds need be considered here, as all the others were overruled when the court refused to direct a verdict.

[1, 2] Did the court err in allowing plaintiff to amend his complaint after the evidence was all in? The allowance of amendments to pleadings and the conduct of the trial must rest in the discretion of the court; but such discretion should be so exercised as not to deny any litigant a substantial right. The plaintiff, by the language of the complaint, indicated that his recovery would be on account of the defendant's breach of its duty to him as its servant while engaged in interstate commerce. The defendant denied that the plaintiff was engaged in interstate commerce. There is no dispute about when the plaintiff was injured, or where he was injured, or what he was doing at the time of his injury. The relation of master and servant existed between the plaintiff and the defendant. The plaintiff was working in Asheville, N. C., and at the time of the injury was engaged in repairing a motor which when in use operated a bucket. The bucket lifted cinders from a pit into which they had been dumped by the defendant's engines.

The plaintiff was engaged in interstate or intrastate commerce. The defendant, in full possession of all information touching the time and place of the injury, and what the plaintiff was doing when he was injured, denied that he was engaged in interstate commerce. If he was engaged in interstate commerce, the Employers' Liability Act is applicable. If he was engaged in intrastate commerce, the laws of North Carolina, where the injury occurred, would apply. When the facts are all out, it is the duty of the court to apply the law applicable to the facts. If it is necessary to amend the pleadings to conform to the facts proved, such amendments should be allowed. That is what was done in this case. It would be trifling with justice to dismiss the complaint because the evidence showed that the plaintiff was engaged in intrastate commerce and that the laws of North Carolina and not the Employers' Liability Act applied. To do so would be but to compel the plaintiff to bring another suit, and go to the trouble and expense of proving the same facts, in order to apply the very law which the court has applied.

It is argued that the defendant is not required to admit plaintiff's allegations, or any of them. That is true. But can the defendant say that the court abused its discretion when it refused to allow the defendant time to plead as a defense the very thing that it had denied upon the record, when an opportunity was given to it to admit it, or to suspend the trial of the cause after it was ready to go to the jury, and try it again, in order to allow the defendant to prove a thing that, when it had an opportunity to prove, it had remained silent? It was

not claimed, at the time the defendant demanded time to answer, that it could prove any different state of facts from that which had been brought out; but in the argument for a new trial the defendant says:

"Suppose that testimony could be introduced to show that the motor, after being repaired, would be used in operating a bucket to lift cinders out of a pit and load them on a car to be thence carried and put on the roadbed as ballast."

Take that supposition as a fact. It would not bring the action under the Employers' Liability Act. The character of the act is fixed by what the servant was doing at the time of the injury. Repairing a motor which at some time in the past might have been used in interstate commerce, or which at some time in the future might be engaged in interstate commerce, would not bring the act of repairing within the law. In the case of Minneapolis & St. Louis Railroad Co. v. Winters, 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed. 358, decided by the Supreme Court of the United States on January 8, 1917, it was held that a machinist helper, engaged in making repairs in the roundhouse upon an engine which had been used in hauling over the railroad company's lines freight trains carrying both intrastate and interstate freight, and which was used in the same way after the accident, was not then employed in interstate commerce, within the meaning of the federal Employers' Liability Act of April 22, 1908. The court said:

"Its character as an instrument of commerce depended on its employment at the time, not upon remote probabilities or upon accidental later events."

All the cases have held that, if the servant was not engaged in interstate commerce at the time of the injury, the Employers' Liability Act did not apply.

Upon this ground, the motion for a new trial is therefore refused.