ELIJAH SULLIVAN v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Appellant.—12 S. W. (2d) 735.

Division Two, December 31, 1928.

698

*E. T. Miller, A. P. Stewart* and *C. H. Skinker, Jr.,* for appellant.

*Mark D. Eagleton* and *Hensley, Allen & Marsalek*, for respondent.

ATWOOD, P. J—This is an appeal from a verdict and judgment in favor of plaintiff for $10,000 on acount of injuries alleged to have been sustained by him while in the employ of defendant. Plaintiff was one of six section men engaged in unloading ties from the north door of a box car standing on one of defendant's east-and-west side tracks in the city of St. Louis. The ties were of green oak, about eight feet long and weighed about one hundred and eighty pounds each. Three of plaintiff's crew worked inside the car and two, besides the foreman, were on the outside. In unloading the ties the three men inside would first bring a tie to the door, then one of their number would lay one end of this tie on top of another tie previously laid on the car floor next to the door, and his two companions would then push the tie from the other until it fell on the ground below. Plaintiff and another member of the crew alternated with each other in ending up the unloaded ties and placing them in a stack just north of the car door. While plaintiff was placing a tie in the stack, his back or side being turned toward the car door, another tie was pushed or slipped through the door to the ground and struck his left lower leg, fracturing it in several places.

Plaintiff went to trial on an amended petition based on the Employers' Liability Act and alleging several grounds of negligence. The answer consisted of a general denial and pleas of contributory negligence. The reply was a general denial. During the progress of the trial plaintiff was permitted to amend his petition by striking therefrom the averments respecting the interstate character of his employment. At the close of plaintiff's case defendant interposed a demurrer to the evidence which was overruled, and at the close of the whole case defendant requested a peremptory instruction which was refused.

Appellant's first assignment of error is that the court erred in overruling defendant's demurrer to the evidence and in refusing

defendant's peremptory instruction. Appellant's first point under this head is that there was failure of proof of interstate employment, the burden of proving which rested on plaintiff. This point, however, avails appellant nothing unless the trial court erred in permitting plaintiff to amend by striking from his petition the averments as to interstate employment, a matter which we shall presently consider. Appellant next says that there was no substantial proof of any of the several allegations of negligence. We are not favored by appellant with any analysis or review of the evidence in support of this criticism. Plaintiff's six specifications of negligence may be summarized as follows:

(1) Failure to warn plaintiff that the tie was about to be, or was being, moved or thrown from the car.

(2) Failure to warn or advise the persons moving or pushing the tie from the car of plaintiff's situation and that he was likely to be injured.

(3) Failure to exercise ordinary care to discover that plaintiff was likely to be injured as alleged.

(4) That defendant negligently moved and threw said tie from said car, and caused, ordered and required and permitted it to be moved and thrown therefrom.

(5) That defendant negligently ordered, required, caused and permitted plaintiff to be and work at the place and in the manner alleged.

(6) That defendant negligently assured plaintiff that he could be and work at the place and in the manner alleged with reasonable safety to himself.

The evidence shows that the section crew began unloading this car immediately after noon on the day plaintiff was injured. Plaintiff testified that he was injured about 1:30 o'clock that afternoon and about fifteen minutes previous thereto he had asked his foreman if the ties could not be unloaded in a different way, that it was dangerous, and that the foreman replied that he did not have time to handle them any other way and he would watch to see that there was no danger. Another witness corroborated plaintiff's testimony in this respect, although the foreman testified that he remembered no such conversation. The evidence to be considered on demurrer further showed that the foreman stood outside the car in a position to watch and did watch the men who were inside and those who were outside the car; that the men inside the car could see those outside, but the men outside could not see those inside; that plaintiff relied on the foreman to keep watch; that at the time plaintiff was hurt he was pushing a tie over on the pile; that in piling up the ties, plaintiff's back and side would be to the car, so that he could not watch the car door while he was in the act of doing this work; that plaintiff was in

the position described when a tie, thrown out of the car by the men, struck his leg; that before this tie was pushed out of the car one end of the tie was rested on the tie across the doorway while two men held the other end to push it out; that no warning was given plaintiff by any one before the tie was thrown out upon him. Respondent has cited a number of cases in support of his contention that the demurrer was properly denied and the peremptory instruction properly refused, but it is so obvious that under the frequent adjudications of this court there was ample evidence to support plaintiff's allegations of negligence that we shall not attempt to state or review the authorities. Appellant's contention to the contrary is overruled.

Appellant's next assignment is that the trial court erred in permitting plaintiff, in the progress of the trial, to strike out the averments of his interstate employment. Counsel for appellant say that by striking out these averments and so stating a case under the state law, whereas, the petition originally stated a case under the Federal Employers' Liability Act, plaintiff changed from law to law and the petition as amended was a departure; citing Union Pacific Ry. v. Wyler, 158 U. S. 285, 296, and Lucchetti v. Railway, 233 Fed. 137, 138.

**Departure:
Change from
Law to Law.**

The Wyler case was an action for damages on account of personal injuries received in the State of Kansas. It was commenced in a Missouri court. By the Missouri law a servant could not recover from a common master for injuries suffered from the negligence of a fellow-servant, but where the master knowingly employed an incompetent servant, or where he kept a servant in his employ after he had acquired knowledge of his incompetency, he was liable for damages caused to a fellow-servant resulting from such incompetency. By the Kansas statute employers operating a railroad were made liable to one servant for the neglect of another without regard to the rule of incompetency as above stated. The original petition made no reference to the Kansas statute but proceeded exclusively on that part of the general rule of law which held the master liable who with knowledge employed or retained an incompetent servant. The first and second amended petitions set up a somewhat different state of facts, pleaded the Kansas statute and asserted a right to recover thereunder in derogation of the general law of master and servant, which was exclusively relied upon in the original petition, and it was held to be a departure from law to law. The same doctrine was stated in the Lucchetti case, but held not applicable to the case made.

The instant case is distinguishable from the foregoing in several respects. Looking first to the pleadings filed by the respective plaintiffs, we note that in the Wyler case plaintiff finally relied entirely

on the Kansas statute which was specifically pleaded in the second amended petition. This law, which was in derogation of the law exclusively relied upon in the first pleading, was not referred to in the original petition and being a foreign statute of which judicial notice could not be taken in the state where the action was pending (Babcock v. Babcock, 46 Mo. 243), this ground of recovery could in no sense be looked upon as having been stated or even suggested in the first pleading. While the departure in that case said to arise from relying, first, upon the general or common law, and, in the second instance, on an exceptional statute, is a question of pleading, and is not controlled by the law in regard to judicial notice of statutes, which is a matter of evidence, yet the distinction just noted was by the writer of the opinion deemed worthy of mention (1. c. 295), and in the later case of Mo. Kan. & Tex. Ry. v. Wulf, 226 U. S. 570, 1. c. 577, it was held to be a proper ground of differentiation. In the Wulf case it was contended that plaintiff's original petition failed to state a cause of action, because she sued in her individual capacity and based her right of recovery upon the Kansas statute, whereas, her action could legally rest only upon the Federal Employers' Liability Act of 1908, which required the action to be brought in the name of the personal representative of the deceased, and that plaintiff's amended petition, in which for the first time she set up a right to sue as administratrix, alleged an entirely new and distinct cause of action; but the court held (1. c. 576) that the amendment introduced no new or different cause of action.

The case here presented in point of pleadings filed by plaintiff and in other respects is more like the case of Wabash Railroad v. Hayes, 234 U. S. 86, than the earlier case of Union Pacific Ry. v. Wyler, supra. We quote as follows from the opinion in the Hayes case (pp. 88, 89, 90), dismissing writ of error to the highest court of Illinois in which a decision of the case could be had:

"The plaintiff's declaration alleged that the injury occurred while the defendant was engaged, and while the plaintiff was employed by it, in interstate commerce. The other allegations were such that, with that one, they stated a good cause of action under the Federal Employers' Liability Act, April 22, 1908, 35 Stat. 65, c. 149, and, without it, they stated a good cause of action under the common law prevailing in the State. There was a plea of not guilty; and upon the trial, the proof failing to show that the injury occurred in interstate commerce, the court, at the defendant's request, instructed the jury that the Federal Employers' Liability Act had no application to the case. Then, over the defendant's objection, the court treated the allegation respecting interstate commerce as eliminated, and submitted the case to the jury as one controlled by the common law prevailing in the State. The plaintiff recovered under

that law. In the appellate court the defendant contended that, even though the allegation that the injury occurred in interstate commerce proved unwarranted, the declaration could not be treated, consistently with the Federal act, as affording any basis for the recovery under the law of the State, common or statutory. But the court held otherwise and sustained the recovery under the state law. . . .

"The plaintiff asserted only one right to recover for the injury, and in the nature of things he could have but one. Whether it arose under the Federal act or under the state law, it was equally cognizable in the state court; and had it been presented in an alternative way in separate counts, one containing and another omitting the allegation that the injury occurred in interstate commerce, the propriety of proceeding to a judgment under the latter count, after it appeared that the first could not be sustained, doubtless would have been freely conceded. Certainly, nothing in the Federal act would have been in the way.

"Instead of presenting his case in an alternative way, the plaintiff so stated it as to indicate that he was claiming only under the Federal act. And when the proofs demonstrated that the injury arose outside of interstate commerce and therefore that no recovery could be had under the Federal act, the court was confronted with the question whether the declaration could be amended, or regarded as amended, to conform to the proofs. Holding that this could be done, the court treated the mistaken allegation that the injury occurred in interstate commerce as eliminated. Therein the court merely gave effect to a rule of local practice, the application of which was not in anywise in contravention of the Federal act. [See Mondou v. New York, New Haven & Hartford Railroad Co., supra, pp. 56-57.]"

The instant case is strikingly similar. Both the original and the amended petition contained proper averments of interstate employment which were denied in defendant's answer. The other allegations were such that, with these averments, they stated a good cause of action under the Federal Employers' Liability Act, and, without them they stated a good cause of action under the state law. In the course of the trial plaintiff introduced some evidence tending to support these averments. Counsel for defendant objected thereto and his objection was overruled. Thereafter on inquiry of plaintiff's counsel defendant's counsel admitted that defendant was engaged in interstate commerce, but declined to admit that plaintiff was so engaged, and upon further interrogation as to whether or not it was his "contention they were not engaged in interstate commerce at the time of the injury," he replied: "We make no contention one way or another." Thereupon counsel for plaintiff requested the court to withdraw from the consideration of the jury the evidence above

referred to and tell the jury to disregard that evidence entirely as if the objection made thereto had been sustained. Counsel for defendant joined in this request and it was immediately complied with. Later during the trial plaintiff's counsel asked leave of court to amend his petition by striking out the averments that plaintiff was engaged in interstate commerce. Counsel for defendant objected on the ground that the effect of such amendment "would be to change the whole cause of action." Counsel further claimed surprise, but after being allowed time to consider declined to file any affidavit of surprise, stating that he would stand on the objection made.

In view of the similarity above indicated it would seem that the Hayes opinion should rule the point in the instant case as far as Federal decisions are controlling. See, also, New York Cent. Railroad v. Kinney, 260 U. S. 340, 345; Seaboard Air Line v. Koennecke, 239 U. S. 352, 354; O'Dell v. Southern Ry. Co., 248 Fed. 343, 344; Delaware L. & W. Railroad Co. v. Yurkonis, 220 Fed. 429, 433; and Nash v. Minneapolis & St. L. Railroad Co., 141 Minn. 148, 150. But as there indicated, whether plaintiff's right arose under the Federal act or the state law, it was equally cognizable in the state court, and in the matter of permitting or refusing the amendment it was proper for the court to follow the rule of local practice. Section 1274, Revised Statutes 1919, provides that an amendment may be allowed conforming the pleading or proceeding to the facts proved "when the amendment does not change substantially the claim or defense." In Montague v. Railroad Co., 289 Mo. 288. it was conceded that as a general rule where a suit is brought under the statute of one state an amendment basing the petition on the statute of another state will be construed as the statement of a new and different cause of action, but in holding that although an original petition stated a cause of action for negligent personal injuries resulting in death under Sections 4218 and 4219, Revised Statutes 1919, an amended petition setting up the statutes of Kansas under which plaintiff had a right to sue and recover damages for the death did not constitute a departure, a qualification of the rule was thus indicated (l. c. 295, 296):

"The rule thus announced is to be construed subject to the qualification that a well-defined change in the cause of action pleaded by the amendment, from that originally brought, must appear as in any other case . . . It is not whether a change from law to law changes the cause of action, but whether the facts essential to constitute the cause of action are the same or different in the two pleadings."

Also, in White v. Railroad, 202 Mo. 539, this court upheld the right of plaintiff to state in one count of a petition negligence at common law, negligence constituting a violation of an ordinance,

and statutory negligence. In the light of Section 1221, Revised Statutes 1919, which provides that several causes of action may be united in the same petition provided each cause of action is separately stated, the effect of this ruling is that such pleas of negligence do not constitute separate and distinct causes of action. [See, also, Rippee v. Ry. Co., 154 Mo. 358, and Hudson v. Railroad, 173 Mo. App. 611, 633.]

It seems apparent that under the Missouri rule the amendment allowed in the case submitted did not "change substantially the claim." Did it change the "defense?" Appellant insists that its effect was "to deprive defendant of the defense of assumption of risk although growing out of defendant's negligence, which was available to it under the Federal act." It seems obvious that defendant could not be deprived of a defense to which on the record before us he was never entitled. No such defense could ever arise except it be first shown that at the time he was injured plaintiff was engaged in interstate commerce. Plaintiff alleged that he was so engaged. Defendant denied it. Plaintiff introduced some supporting testimony which was afterward withdrawn from the jury at his request. Defendant joined in this request. The case went to the jury without any proof whatever that plaintiff was engaged in interstate commerce at the time he was injured. On this state of the evidence defendant was not entitled to interpose the defense that would have been available to it under the Federal act had plaintiff's engagement in interstate commerce been shown. Hence, he was not deprived of this defense by the amendment of the pleadings but by failure of this proof, and such failure was in line with defendant's own pleading and attitude throughout the trial. No one was in better position than defendant to know whether or not plaintiff was so engaged, and regardless of plaintiff's pleading or proof defendant was at all times free to make the objection that the case fell within the provisions of the Federal act, and offer proof, if such was available, that would entitle it to make the defense of which counsel now says it was deprived. [See Osborne v. Gray, 241 U. S. 16, 19; Toledo, St. L. & West Railroad Co. v. Slavin, 236 U. S. 454, 457; St. Louis & San Francisco Ry. v. Seale, 229 U. S. 156, 161.] The amendment was properly allowed.

Appellant also complains of plaintiff's failure to request any instruction submitting to the jury any theory or ground of negligence upon which recovery was sought. Cases are cited wherein this practice has been sharply criticised, but none of them hold that mere failure to so instruct is a sufficient ground for reversal. The statute permits but does not require plaintiff to offer such instructions. [Sec. 1417, R. S. 1919;

710

Keppler v. Well (Mo. Sup.), 238 S. W. 425.] Furthermore, it does not appear that defendant at the time made any objection or saved any exception thereto, or raised the point in its motion for a new trial. In this state of the record the matter cannot now be considered on appeal. [Sec. 1459, R. S. 1919; State ex rel. v. Woods, 234 Mo. 16, 26; Maplegreen Realty Co. v. Trust Co., 237 Mo. 350, 362.]

Appellant assigns error in the refusal of defendant's requested instructions marked E and J, both inclusive. These six instructions were in the nature of specific demurrers to plaintiff's six assignments of negligence and were intended to withdraw them from the consideration of the jury. We have already enumerated these specifications of negligence and reviewed the evidence relating thereto. Each of the six specifications was supported by evidence and the trial court properly refused these instructions.

Appellant insists that the court erred in overruling defendant's objections to the jury argument of plaintiff's counsel, in failing to reprimand counsel sufficiently, and in refusing to declare a mistrial therefor. Particular attention is directed to several parts of the closing argument by counsel for plaintiff, as follows:

"If there wasn't any evidence to go to the jury, the court wouldn't let it go to the jury. He (referring to defendant's counsel) is a good gambler. He has made a munificent offer. I will be as good. If you think that a man with these three fractures and the disability resulting to this man is not worth more than one thousand dollars, I will make you a present of a thousand dollars, and pay it myself."

Counsel for defendant thereupon said: "I object to that. Mr. Eagleton knows he has no right to make a present to the jury or the Frisco . . ." The objection was overruled.

Again, plaintiff's counsel said to the jury: "Gentlemen, I am not going to tell you what you ought not to bring in. I will put it up to your conscience what you would take under the same circumstances. . . ." When defendant's counsel attempted to interpose an objection to this argument, plaintiff's counsel said: "Yes; that may be error which would let him reverse the case—. . ." Defendant's counsel then said: "In view of the last two remarks, first, in appealing to the individual juror as to what he would take under the same circumstances, and in view of his last remark, that may be error that would let me reverse the case, I ask that the jury be instructed to disregard those remarks, and that Mr. Eagleton be reprimanded, and I move that a mistrial be declared and the jury discharged because of the improper argument made by Mr. Eagle-

ton, which, by his own argument, he has admitted to be improper." Mr. Eagleton then said: "I ask that the jury be instructed to disregard my remarks and that I be reprimanded." Thereupon the court said: "The jury is instructed to disregard the remarks referred to by Judge Green. Mr. Eagleton should have known better, but it was made in the heat of the trial, and I will overlook that. The motion for a mistrial will be overruled." The court declined to further reprimand Mr. Eagleton.

It is now argued that the statement, "If there wasn't any evidence to go to the jury, the court wouldn't let it go to the jury," was reversible error, citing Kull v. Ford Motor Co., 261 S. W. 1. c. 736. The record does not show that any objection was made to this statement at the time. Hence, the matter is not now reviewable. [Preston v. Railroad Co., 292 Mo. 442, 458; Mahaney v. Ry. Co., 108 Mo. 191, 200; Sidekum v. Railroad, 93 Mo. 400, 407.]

It is also urged that counsel's statement that he would make the jury a present of one thousand dollars if they thought that plaintiff's injuries were not worth more than that amount, was error and that defendant's objection thereto should have been sustained. Such a statement unprovoked and standing alone would clearly be improper. However, it has a different, though still unpleasant ring, when read with its context and the text of the argument of opposing counsel who had just finished addressing the jury. In this argument counsel for defendant said: "I submit this to you, that the Frisco Railroad is willing to pay a man who is hurt within the scope of his employment even though there be no liability, but they will not pay any unreasonable amount. In this case there was not a shadow of liability, but nevertheless if you gentlemen will bring in a verdict of a thousand dollars we will pay it, although there is no liability, and under the court's instructions the plaintiff is not entitled to a verdict." The trial court was doubtless of the opinion that this line of argument provoked and in a sense justified the reply statement to which defendant's counsel objected. We find no fault with this ruling as it falls within the doctrine announced in Huckshold v. Ry. Co., 90 Mo. 548, 559.

The two subsequent statements above quoted and against which objections were timely made were not provoked by the remarks of other counsel, and hence rest on a different footing. The first of these two statements was, "I will put it up to your conscience what you would take under the same circumstances—", but the sentence was never completed because opposing counsel interrupted with an objection. In answer to this objection counsel for plaintiff made the second of the two remarks here objected to, as follows: "Yes; that may be error that would let him reverse the case—," and this sentence was

never completed because interrupted by a further statement of objections by plaintiff's counsel to the effect that the jury should be instructed to disregard the remarks, that counsel for plaintiff be reprimanded, and that a mistrial be declared and the jury discharged. Counsel for plaintiff himself thereupon requested that the jury be requested to disregard his remarks and that he be reprimanded. The court instructed the jury to disregard the remarks, said that counsel for plaintiff should have known better, but that "it was made in the heat of trial" and he would overlook it, and overruled the motion for a mistrial. The argument thus made was concededly improper and the only question presented here is whether or not its prejudicial effect was removed by the action of the trial court.

In C. & A. Railroad Co. v. Vipond, 212 Ill. 199, 205, counsel for plaintiff in his argument to the jury commenced a statement that the income from $5000, especially when something was deducted for the expenses of litigation, would not be a fair substitute—when the statement was objected to by counsel for defendant. Counsel making the argument expressed a willingness to have it struck out if not proper, and the court said he thought it proper to discuss the question of damages. The sentence was never completed and the appellate court held that while the expenses of litigation could not be taken into consideration in awarding damages, yet as there was no further argument on this basis, the judgment should not be reversed on account of what was contained in the incomplete statement. Also, in Crockett v. K. C. Rys. Co., 243 S. W. (Mo. Sup.) 902, 908, plaintiff's counsel in the course of his argument to the jury as to plaintiff's condition, said: "She has never known a day without pain, since this injury. Why, gentlemen, I would not be in that condition and you would not be in that condition for twice what I have sued for in this case." In reviewing the action of the trial court on objection and motion to discharge the jury, this court said: "The trial judge was in the best position to know the effect upon the jury of the argument in question. He held that it was unnecessary to discharge the jury. He had stated that the improper remarks made by plaintiff's counsel were not made intentionally. The argument was not proper. When challenged the remark was withdrawn. The jury thus saw its impropriety. We will not interfere with the action of the trial judge under the circumstances."

In view of the prompt admission made by counsel for plaintiff in the presence of the jury of the impropriety of these remarks and his request that they be withdrawn from the jury and that he be reprimanded, we think the situation in the instant case was one that called for an instruction to disregard and a reprimand rather than the declaration of a mistrial. In Sinclair v. Columbia Telephone Co., 195 S. W. (K. C. Ct. App.) 558, counsel for plaintiff in the course

of his argument asked the jury, "What would you take for your right leg?" The trial court on objection agreed with defendant's counsel that it was not a question "what the jury would take," and that the jury should be governed by the evidence. Plaintiff's counsel then withdrew the statement and apologized. On appeal it was held that "the withdrawal, the apology, and the statement of the court, left the indiscretion of plaintiff's counsel harmless." As to whether or not the court's condemnation of the remarks and the reprimand administered to counsel in the case now before us were sufficiently severe to accomplish their purpose, we feel constrained to defer to the trial court's discretion which was exercised in the light of knowledge not afforded us by the printed record, and conclude that defendant's objections and motion were properly ruled. [Gidionsen v. Union Depot Ry Co., 129 Mo. 392, 403.]

Appellant finally urges that the judgment for $10,000 is excessive. At the time plaintiff was injured he was past fifty years of age, was employed as a section hand, and was earning $3.04 a day. His injury consisted of three fractures of his left leg, both bones of the shaft of the leg near the ankle being fractured, and the heel bone sustaining a similar injury. He was confined in the Frisco Hospital for some months, was out nothing for medical or hospital fees, and his damage on account of loss of time did not exceed $1250. At the time of the trial, some sixteen months after the injuries were received, he was walking about with the aid of a cane and had worked occasionally with his team hauling ore. It appeared that he would be permanently lame and the evidence indicated that motion in his left ankle was destroyed to the extent of five to seventy per cent. There was testimony of an adnormal condition in plaintiff's back and pains in his upper left leg and knee, but the evidence quite plainly indicated that these troubles resulted from some cause or causes other than the injuries caused by the falling tie. After a careful study of this case and other similar cases decided we are of the opinion that the judgment is excessive by $2500. If within ten days from the filing of this opinion plaintiff will enter a *remittitur* for $2500 the judgment of the circuit court will stand affirmed for $7500 with interest from the date rendered, but in event such *remittitur* be not entered the judgment will stand reversed and the cause remanded as of the date of the filing of this opinion.

All concur.