**Antonio EDWARDS, a Minor, by William M. Edwards, His Next Friend, Appellant,**

v.

**Mrs. Joan LACY, Respondent.**

No. 51913.

Supreme Court of Missouri,

Division No. 1.

March 13, 1967.

Morris A. Shenker and Frank B. Green, Jr., St. Louis, for plaintiff-appellant.

Joseph E. McGuire, Eaker & McGuire, Clayton, for defendant-respondent.

HOUSER, Commissioner.

Four-year-old Antonio Edwards, a pedestrian, was struck, run over and seriously injured by an automobile driven by Mrs. Joan Lacy as he was crossing a street in the City of St. Louis. By next friend Antonio sued Mrs. Lacy for $50,000 damages for personal injuries. A trial jury returned a verdict for defendant. Antonio has appealed from the judgment entered on the verdict.

The negligence charged and submitted was that defendant either "failed to keep a careful lookout, or knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped" [but defendant failed to do so]. The defense was that the child darted out from behind a parked car and into the path of the automobile when the distance separating the child and car was so short that it was not humanly possible

to stop and avoid striking him. He was struck as he was running from north to south across an east-west street. According to plaintiff's evidence there were no parked cars within 60 feet east or 60 feet west of the point where he left the curb. Defendant testified that there were parked cars all along the north side of the street. Defendant's testimony was that she was traveling 25 m. p. h. at a distance of 30–35 feet west of the point where the boy entered the street, and that counting reaction time and stopping distance there was no chance to avoid striking the boy.

The only point raised on this appeal is that "Counsel for the defense made a naked appeal for sympathy by urging the jurors to view the casualty with themselves in the driver's position and urging that they put themselves in the defendant's place thereby importuning them to violate their juror's oath to view the facts impartially. And, the trial Court's failure to rule upon plaintiff's timely objection thereto constituted prejudicial error in that it cast the weight of judicial approval behind defendant's illegal argument."

We quote the objected-to portion of the argument of defendant's counsel, together with some of the argument leading up to and following the challenged argument:

"Mrs. Lacy has a very great personal interest in the outcome of this lawsuit, gentlemen. And I think that you are going to have to have a much better legal and a much better logical basis in returning a verdict against her than you have under these facts.

"I want you to keep those distances in mind: thirty to thirty-five feet from the crosswalk that they say he entered the street from. Giving him the benefit that he entered from the curb instead of a parked car, she still can't stop, assuming that there is a parked car there and he entered before she could see him behind a parked car. The young lad stood up there, and you think you could have seen this youngster if he ran from a parked car until he got in the street, and he is traveling at seven and a half feet a second, that quickly? And he has only to travel another eight feet to get to the center line, and here you are driving your automobile down the street. You are men of common experiences. Many of you drive. Would you put yourself in the place of—

"MR. GREEN: Objection. The jury may not put themselves in the position of either party. Argument to do so is highly improper and inflammable. They may call on their own experiences but not place themselves in the position of the parties.

"MR. McGUIRE: (Continuing) You can call upon your own experiences, gentlemen, to recognize the situation that faced Mrs. Lacy under these facts. And when you do, gentlemen, and when you are honest with me, and when you have voted your conscience, you will find out there is no possible way that you could return a verdict under these facts."

Plaintiff contends that this argument injected the individual juror into the driver's seat of the moving vehicle and by resort to an appeal to the sympathy of the jury for the defendant, sought to have the jurors identify with the auto driver; and that by making this argument defendant's counsel asked the jurors to trade places with defendant and decide the case as if they were the defendant instead of jurors. It is claimed that the inference is that "you drive, so it could happen to you as it did to defendant"; that if the jurors identify with the defendant they must first convict themselves of misconduct before they can convict the defendant, and that plaintiff was prejudiced because the jury judged themselves and returned a verdict for themselves. Plaintiff argues that the mischief was compounded by the failure of the court to rule on the objection in the presence of the jury, which in their eyes constituted judicial approval of this attempted transference.

A plea to jurors to put themselves in the place of one of the parties has been "consistently condemned and uniformly branded as improper." Faught v. Washam, Mo.Sup., 329 S.W.2d 588, 602, fn. 22. Defendant's counsel should not have made this argument. Standing alone, however, a plea to the jurors to put themselves in the place of one of the parties does not always constitute reversible error. Faught v. Washam, ibidem. It is not ground for reversal if it does not appear probable that the jury was prejudicially affected by the improper statement. Improper statements of this kind may be cured, in given circumstances, by withdrawal, reprimand or admonition, or by proper instruction to the jury. What the trial court should do when confronted with a particular situation depends upon the nature of the argument, the form and character of the objection, the action requested of the court, the subsequent conduct of the offending counsel and the action counsel takes, and in determining what to do the trial judge must take into consideration the parties, the issues, and the general atmosphere of the case. Southwestern Bell Telephone Co. v. Jennemann, Mo.App., 407 S.W.2d 85, 91.

In some cases the error involved in an improper argument to the jury has been held cured by the form of the objection of opposing counsel. Thus in State ex rel. Shipman v. Allen, 144 Mo.App. 234, 128 S.W. 809 [4], l.c. 811, relator's counsel, in opening statement, after reciting the history of the litigation, stated that this case had been tried on the merits several years ago and had been decided in relator's favor. He was interrupted by counsel for defendants, who said: "The defendants object. The records show they took a nonsuit." Apparently nothing further was said, either by counsel or by the court. On appeal it was urged that the court

erred in failing to rebuke counsel. The court of appeals held that the error, if one, was harmless, stating that "Whatever poison there may have been in the remark of relator's attorney was apparently cured by the form of appellants' objection, and the declaration of Mr. Davis (defendants' counsel) that relator's counsel had made a misstatement and suggesting that a nonsuit had been taken, instead, was a complete antidote." Before defendant's counsel could get the improper argument out of his mouth in the case here for review plaintiff's counsel interrupted and made a strong objection, clearly pointing out the highly improper and inflammatory character of this type of argument. This characterization of the attempted argument, which was not negated in any way by any action on the part of the trial judge,[1] followed by plaintiff's counsel's suggestion of what would constitute proper argument (immediately concurred in and adopted by defendant's counsel), may well have cured the impropriety.

It is true that the court did not rule on the objection. Ideally, the court should have made a ruling, but in the heat of trial and at the conclusion of an argument events may be transpiring so rapidly, and exchanges between counsel made so quickly, without pause or break in the continuity, that no real opportunity for the making of a ruling presents itself, without the court breaking in and interrupting. In the situation here presented it may well have appeared to the trial judge that a strong antidote had been administered by the objection made, and by the time he was ready to make a ruling on the objection it is reasonable to believe that, defendant's counsel having quickly picked up and adopted plaintiff's counsel's suggestion, the trial judge considered that any error had been erased and that a ruling had become unnecessary.

1. as, for instance, ordering counsel to "proceed," without ruling on an objection, which is held to stamp the conduct of counsel as proper. Dunn v. Terminal R.R. Assoc., Mo.Sup., 285 S.W.2d 701.

While defendant's counsel did not directly withdraw the statement,[2] or concede that he had transgressed, or consent that the jury disregard the remarks, or that he be reprimanded, as did counsel in Sullivan v. St. Louis-San Francisco Ry. Co., 321 Mo. 697, 12 S.W.2d 735 [8], l.c. 740, he did immediately abandon the argument, and did not refer to it again. Thereupon he seized upon plaintiff's counsel's suggestion and conception of proper argument on this point and, appropriating and adopting plaintiff's counsel's language, substituted it for the offensive argument. By so doing defendant's counsel impliedly withdrew the argument to which strong objection had been made, and impliedly made the concession. A case sufficiently close on the facts to warrant discussion is Bulkley v. Thompson, 240 Mo.App. 588, 211 S.W.2d 83 [14], l.c. 91, in which plaintiff's counsel, arguing a railroad crossing case, told the jury that the court had instructed them that "when this engineer could have done something to have spared this life, and he failed to do it, there is liability in this case." Defendant's counsel objected to the statement that "the engineer could have done something" and stated that the sole issue was whether a warning was sounded, not whether the engineer could have done something. Immediately following the objection counsel for plaintiff stated "Let's make it warning. Let's don't take up time. Let's make it warning." Then he proceeded to argue that no warning had been given. The court affirmed a judgment for plaintiff, saying 211 S.W.2d l.c. 91: "We find nothing about this part of the argument of which just complaint can be made by defendant in view of the action of plaintiff in making the correction confining the subject to a warning."

Apparently the action of defendant's counsel here, making the correction by telling the jury that they could call upon their own experiences to recognize the situation that faced Mrs. Lacy under these facts, satisfied plaintiff's counsel, because no request was made for any further action on the part of the court. He did not ask that the first remarks be stricken, or that the jury be instructed to disregard them or that defendant's counsel be reprimanded, or that the court declare a mistrial. This he should have done if he expected to place the court in error. Best v. Liverpool & London & Globe Ins. Co., Mo.App., 49 S.W.2d 230 [7], l.c. 232.

■ Since matters of this kind are lodged in the sound discretion of the trial judge whose apportunity to fairly appraise the seriousness of the transgression, the effectiveness of the cure and to judge whether prejudice was engendered, is far superior to ours, "we feel constrained to defer to the trial court's discretion, which was exercised in the light of knowledge not afforded us by the printed record," Sullivan v. St. Louis-San Francisco Ry. Co., supra, 12 S.W.2d l.c. 741, and conclude that the action of the trial court was not erroneous.

Accordingly, the judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.

---

2. In Pietzuk v. Kansas City Rys. Co., 289 Mo. 135, 232 S.W. 987, 994, counsel for plaintiff made an improper remark in argument. Defendant objected, and without ruling on the objection, the court merely said "Proceed." Thereupon counsel for defendant voluntarily withdrew the remark, and stated that he would substitute in place of it a different argument, to the same effect. On appeal this Court, noting these facts, and that there was no objection to the substituted remarks (there was no such objection in the case here for review), found no abuse of discretion in the failure to reprimand counsel, holding that "If there was any transgression we are constrained to hold that it was cured by such withdrawal." And see Hieber v. Thompson, Mo.App., 252 S.W.2d 116.