**Sam BERGER and Evelyn Berger, Appellants,**

**v.**

**Elmer HUSER, d/b/a Huser Drayage Company, Respondent.**

**No. 56853.**

Supreme Court of Missouri, Division No. 2.

Sept. 10, 1973.

Respondent did not file brief.

Jerome F. Raskas and Robert J. Wynne, St. Louis, for appellant.

HOUSER, Commissioner.

Sam Berger was seriously injured when a large piece of industrial machinery called a clicker machine, weighing about 1800 pounds, fell upon him while the machine was being loaded onto a drayage truck in an alley in St. Louis. He and his wife jointly sued Elmer Huser, owner of the truck, for damages totaling $325,000. Following a jury verdict for defendant plaintiffs appealed. (Notice of appeal was filed prior to January 1, 1972.)

The first point on appeal is that the trial court erred in not sustaining plaintiffs' objection to a statement made by counsel for defendant during closing argument, referring to nonproduction of photographs.

A Mr. Rabushka had testified that he arrived at the scene about one hour after the occurrence and took some photographs "of the scene" with a camera he happened to have in his pocket. He did not describe what he photographed, whether the film had been developed, or what was done with film or photographs. Nothing further was asked him about photographs except whether he had them with him. He answered negatively. Mr. Shapiro, a witness to the occurrence, on cross-examination by Mr. Raskas, attorney for plaintiffs, was asked whether he had been interviewed by one Robert Constantino, an investigator in the office of Mr. Raskas. Mr. Shapiro answered that he had been interviewed but

did not know the name of the interviewer. Mr. Shapiro did not testify that he had taken photographs at the scene or had given any photographs to Mr. Constantino.

In this background counsel for defendant made the following argument to the jury and the following colloquy between court and counsel ensued:

"Now, let's look at the testimony on the other side of the coin. Mr. Berger told you that the last time he saw the tailgate it was in proper position. Mr. Huser told you that it remained in the horizontal position with the bed of the truck. So did Mr. Bligh.

"Now, Mr. Rabushka in his sworn testimony at which his office was present and I was present, he definitely testified that the lift gate was level with the bed of the truck when he first saw it. And don't forget, Mr. Rabushka came in a short while after this accident had happened. And Mr. Shapiro told you in the direct examination which was under oath, and I think Mr. Shapiro certainly tried to be as honest a man as I've ever met, he told you that he did not observe the lift gate fall at any time. Then on cross-examination they confront him with a question and answer statement, not taken by a lawyer, by an investigator who has not been disclosed except his name is Constantino, who also took photographs, if you will recall, rather Mr. Shapiro took the photographs and turned them over to this man Constantino who is an investigator for Mr. Raskas' office. But we haven't seen those photographs.

"MR. RASKAS: Your Honor, I'm going to object to that. I don't think there's any testimony to that effect at all in this case. I have no photographs of Mr. ——

"THE COURT: I don't recall whether Shapiro turned them over to Constantino.

"MR. LUSSER: That is what Mr. Shapiro testified to.

"THE COURT: Again it is up to you to remember what the evidence is."

Counsel for plaintiff did not insist upon a ruling on the objection or request any other or further relief and no further reference was made to the matter.

Plaintiffs claim error "in failing to sustain plaintiffs' objection to defense counsel's closing argument to the effect that Mr. Shapiro had taken photographs at the scene of the accident and turned the photographs over to Mr. Constantino, an investigator for plaintiffs' attorney, and that plaintiffs' attorney was concealing these photographs by not introducing them into evidence." For the purpose of the argument plaintiffs assume that in speaking of photographs in his argument Mr. Lusser was referring to the testimony of Mr. Rabushka. Defendant asserts that this is true; admits that Mr. Shapiro did not testify with reference to photographs; concedes that in referring to Mr. Shapiro in connection with photographs Mr. Lusser was inaccurate. Defendant seeks to excuse this inaccuracy on the ground that what Mr. Lusser said was spoken in the heat of closing argument; that what he had in mind was Mr. Rabushka's testimony *given in a deposition* that the entire roll of undeveloped film taken by him had been turned over to Mr. Constantino. Since the deposition was not introduced in evidence this suggestion is gratuitous. Regardless of the explanation the question sought to be raised is whether the remarks made in argument were prejudicial.

■ One of the principal issues was whether the lift gate suddenly fell, casting the heavy machine to the ground, or the machine simply fell off the lift gate from its original position level with the bed of the truck. Plaintiffs contended that the lift gate suddenly fell and that immediately after the occurrence the lift gate was in the down position shown by police photographs. Defendant contended that the lift gate did not fall from its position level with the truck bed. In explanation of the

down position of the lift gate shown in police photographs defendant testified that he personally lowered the lift gate immediately after the accident (before the police photographs were taken) in order to enter the truck to get blankets with which to cover Mr. Berger.

Plaintiffs contend that from Mr. Lusser's argument the jury might infer that Mr. Rabushka took photographs which depicted the lift gate still level with the bed of the truck one hour after the occurrence and further infer that these photographs, favorable to defendant's contention and unfavorable to plaintiffs', were in plaintiffs' possession and were being deliberately and intentionally concealed from the jury's consideration by plaintiffs' counsel.

Defendant points out and plaintiffs freely admit that the question of the prejudicial effect of the argument was not raised and preserved in plaintiffs' motion for new trial. Plaintiffs raise the question for the first time on appeal, asking that it be considered under the plain error Rule 79.04, V.A.M.R.

We decline to reverse this judgment on the basis of the plain error rule because on the whole record it is not deemed that manifest injustice or a miscarriage of justice resulted from the erroneous statement. The principal objection, that the jury might infer that the Rabushka photographs depicted the lift gate in a position favorable to defendant's case, does not square with the sequence of events. Officer Cunningham, an investigative police officer of the city police department, arrived on the scene approximately five minutes after the occurrence of the accident. After the injured plaintiff had been removed from the scene by ambulance the police photographer took various pictures of the scene. These police photographs were admitted in evidence. Officer Cunningham testified that the police pictures, which showed the position of the lift gate, fairly and accurately portrayed "everything that appears in that photograph as [the witness] saw it when [he was] at the scene of the accident on that date." Witness Rabushka did not arrive at the scene until *about an hour after the accident occurred*. Mr. Berger had been removed from the scene. Mr. Rabushka's photographs were taken subsequent to those taken by the police. Photographs of the lift gate taken at that time would have been merely corroborative of what the police photographs showed or, if the position of the lift gate had been changed after the police photographs were taken, Rabushka's photographs would have been irrelevant and immaterial to depict the position of the lift gate at the time of or immediately after the occurrence. In neither event would the failure to produce the Rabushka photographs have adversely affected the defense. Defendant's presentation therefore could not have been materially and adversely affected by the nonproduction of Rabushka's photographs, whether taken by Mr. Shapiro or Mr. Rabushka and whether made available to defendant or not. In this situation the jury could not logically have drawn the inference which is the basis of plaintiffs' contention.

■ Plaintiffs in the argument portion of their brief also take exception to Mr. Lusser's reference to Mr. Rabushka's testimony in the deposition (which was not in evidence), contending that Mr. Lusser's was thereby improperly permitted to argue facts entirely beyond the record. We do not pass upon this question, for the reason that it was not raised in plaintiffs' points relied upon, Anderson v. Independent Mutual Fire Insurance Co., 453 S.W.2d 609, 614[8] (Mo.App.1970), and is advanced for the first time in the argument portion of their brief. Hastings v. Coppage, 411 S. W.2d 232, 235[4] (Mo.1967).

■■ For their second point plaintiffs, again depending upon the plain error rule, urge that Mr. Lusser's argument implied that plaintiffs' counsel was concealing damaging evidence. We are cited to only

two cases in the history of the plain error rule in which that rule has been applied to upset verdicts for improper argument of counsel. They are Calloway v. Fogel, 358 Mo. 47, 213 S.W.2d 405 (1948), and Leaman v. Campbell 66 Express Truck Lines, 355 Mo. 939, 199 S.W.2d 359 (1947). (In Critcher v. Rudy Fick, Inc., 315 S.W.2d 421 (Mo.1958), it was deemed not necessary to determine whether the argument would justify invocation of the plain error rule because objections were actually made to parts of the argument challenged on appeal.) We do not consider the relatively mild statement of counsel in this case comparable in its potential effect on the jury to the arguments which induced reversals in those cases. The arguments there condemned were made for the purpose of arousing and inflaming the jury with a feeling of hostility toward the complaining party based upon unwarranted inferences of intoxication, or that the party was a slacker during the war, or by reference to persons in the opponent's profession who were criminal or immoral, or by comparing the opponent to Hitler, or by making an appeal to local prejudice, or arguing that the case was framed and that opposing counsel were dishonest and lacking in integrity. We do not approve counsel's statement "But we haven't seen those photographs," and the court should have made a ruling sustaining the objection to this argument. Plaintiffs, however, were not prejudiced by the failure of the trial court to make a specific ruling. This was harmless error, cured by the form of the objection made by plaintiffs' counsel. In the presence of the jury plaintiffs' counsel positively stated that he did not think there was "any testimony to that effect at all in the case" (referring to the reference to Mr. Shapiro and photographs) and that *plaintiffs' counsel had no photographs.* State ex rel. Shipman v. Allen, 144 Mo. App. 234, 128 S.W. 809, 811[4] (1910). The judge, not remembering Mr. Shapiro's testimony on the point, ruled that it was up to the jury to remember the evidence. In this situation, as in Edwards v. Lacy, 412 S.W.2d 419[3] (Mo.1967), the matter not having been further pursued by plaintiffs' counsel, it may well be that the trial judge, not recalling whether Mr. Shapiro had so testified, considered that if he had not so testified the effect of defendant's counsel's mistaken remark was probably erased by plaintiffs' counsel's twin denials that there was any such evidence and that he had any photographs; and in all likelihood considered that these denials amounted to a sufficient antidote to offset the adverse effect of the remark, and that it was not necessary to make a specific ruling. That at the time it was considered a relatively unimportant factor in the trial is suggested by the fact that plaintiffs' counsel did not insist upon a ruling or request any other or further relief such as instructing the jury to disregard the remark, admonishing counsel, etc., and did not include it in the motion for new trial. This is a matter lodged in the sound discretion of the trial judge and we are satisfied that that discretion was not abused or arbitrarily exercised in this case.

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.